UNITED STATES, Appellee

v.

CHARLES M. O'NEIL, Private, U. S. Army, Appellant

3 USCMA 416, 12 CMR 172

No. 2241

Decided September 25, 1953

LT COL Edgar R. Minnich, U. S. Army, LT COL George M. Thorpe, U. S. Army, and 1ST LT Justin L. Vigdor, U. S. Army, for Appellant.

COL Allan R. Browne, U. S. Army, LT COL William R. Ward, U. S. Army, and CAPT Irvin M. Kent, U. S. Army, for Appellee.

Opinion of the Court

PAUL W. BROSMAN, Judge:

Accused was convicted by general court-martial of absence without leave with intent to prevent the completion of basic training and his useful service as a soldier, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. Following affirmance by intermediate reviewing authorities, a petition for review by this Court was granted. For purposes of oral argument, this case was consolidated with United States v. Deller, 3 USCMA 409, 12 CMR 165, decided this date, and involving identical issues.

II

The first question before us has to do with whether the specification of Charge II—that alleging the absence without leave described in the preceding paragraph—states an offense in violation of Article 134. As in Deller, the

416

answer must be in the negative, for we held only recently in United States v. Johnson, 3 USCMA 174, 11 CMR 174, decided July 31, 1953, that offenses sounding in unauthorized absence may be reached only through the provisions of Articles 85, 86, and 87 of the Code, *supra*, 50 USC §§ 679, 680, 681. However, this holding does not fully dispose of the substance of the first inquiry—for there yet remains the question of whether the specification alleged *any* offense cognizable under the Code. Under this analysis of the problem, the answer must be in the affirmative for the reasons set out at length in our opinion in the Deller case.

It is of no moment that the specification announced Article 134 as its foundation—for the usual test of a sound specification is whether it alleges *facts* sufficient to constitute a military offense. Accused was charged, in substance, with unauthorized absence with intent to avoid the completion of basic training, and the court-martial found as a fact that he was guilty of the conduct specified. The Universal Military Training and Service Act, as amended, § 4(a), 64 Stat 78, 50 USC App, Supp V, § 454(a), requires of a soldier the completion of preliminary basic training of at least four months' duration as a condition precedent to assignment to duty overseas. Such training must, therefore, be regarded as "important service," within the meaning of Article 85(a)(2) of the Code, *supra*, defining the offense of desertion "with intent . . . to shirk important service."

Quite clearly the specification in question alleged against the accused an unauthorized absence with a purpose to avoid important service. Stated otherwise, he was charged with desertion with intent to shirk important service. The facts as found support this charge.

Accordingly, the conviction under Charge II may stand as a conviction of desertion with intent to shirk important service, as proscribed by Article 85 (a) (2) of the Code. Under the circumstances of the case, this has no practical or legal effect on the sentence imposed.

### III

It is also urged here, as it was in Deller, that the law officer erred to the accused's material prejudice in admitting in evidence proof of previous convictions for absence without leave, together with a statement of periods of time spent in confinement as a result of those absences. These matters were reflected in Prosecution Exhibits 3 and 4. However, these items of proof were received explicitly for the limited purpose of establishing the *intention* of the accused. We pointed out in Deller that they thus fell well within a recognized exception to the sound and general rule that guilt of other offenses is irrelevant to any broad consideration of guilt of a particular offense charged. The relevancy of accused's previous absences and the resultant time spent in confinement to the single element of intent in the offense here in question is patent. See United States v. Powell, 3 USCMA 64, 11 CMR 64, decided July 17, 1953.

Accordingly, we hold that Prosecution Exhibits 3 and 4 were properly received in evidence. The conviction under Charge II is affirmed as a conviction of desertion with intent to shirk important service in violation of Article 85(a)(2) of the Code. This, too, can have no effect in law or fact upon the sentence adjudged.

Chief Judge QUINN and Judge LATIMER concur.