UNITED STATES, Appellee

v.

GLEN R. HAMILTON, Sergeant, U. S. Army, Appellant

4 USCMA 383, 15 CMR 383

No. 4325

Decided May 28, 1954

Lt Col George M. Thorpe, U. S. Army, and 1st Lt Jackson L. Kiser, U. S. Army, for Appellant.

Lt Col William R. Ward, U. S. Army, and 1st Lt Roderick V. Brown, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused, Hamilton, was tried by general court-martial under a specification alleging that "in the presence of the enemy, [he] was guilty of cowardly conduct, in that he wrongfully failed to join his patrol as medical aid man as it was his duty to do"—a violation of the Uniform Code of Military Justice, Article 99, 50 USC § 693. Pursuant to instructions from the law officer to the effect that the specification contained as an included offense the crime of wrongful failure to perform duty in the presence of the enemy, in violation of Article 134 of the Code, supra, 50 USC § 728, the court-martial excepted the allegation of cowardice from its finding of guilt—rendered under the latter Article. The accused was sentenced to receive a dishonorable discharge, to total forfeitures, and to confinement at hard labor for five years. The convening authority approved, and an Army board of review affirmed the findings and the sentence. We granted the accused's petition to review the correctness of this action.

## II

In United States v. Hallett, 4 USCMA 378, 15 CMR 378, decided this day, we considered the offenses included within a specification which charged misbehavior before the enemy in a manner similar to the one found in the instant case. Our conclusion was that Congress meant that Article 99 of the Code should cover the gamut of offenses closely allied to misbehavior before the enemy. In short, an offense characterized by improper conduct "before the enemy" is to be alleged within the terms of Article 99, or else the circumstance that the misconduct occurred "in the presence of the enemy" becomes irrelevant in determining its nature. Article 134, we decided, was not intended by Congress to constitute a catch-all for combat offenses not specifically proscribed elsewhere.

We held in Hallett that the finding of the court-martial under the specification utilized there fell within the scope of Article 86 (3) of the Code, supra, 50 USC § 680. In the case at bar we must reach an identical result. The finding in the instant case includes a wrongful failure on the part of the accused to join his patrol. The element of wrongfulness, which appeared in the original specification, together with the law offi-

384

cer's instructions on the included offense and the court's ultimate finding, fully embraced that want of proper authority, which is requisite for a violation of Article 86.

If the accused "failed to join his patrol," he could not have been present with that patrol—and thus he was absent from it. Both the finding and the instructions here advert explicitly to the accused's duty to join the patrol. It is clear then that the members of the court—in light of the instructions furnished—determined that the patrol was a "place of duty." We see no reason why the accused's absence from this place of duty—a general one with his patrol—should not be deemed to fall squarely within the terms of Article 86 (3) of the Code, supra. United States v. Frazier, 4 CMR 320.

### III

Since the limitation on punishment provided for violations of 86(3) by the Manual's Table has been removed by Presidential Order as to the Far Eastern area, the maximum sentence imposable by reason of the court's finding is dishonorable discharge, total forfeitures, and confinement at hard labor for life. The law officer properly instructed the court to this effect. Uniformly we have been reluctant to give substantial weight to the misdesignation of the Article of the Code allegedly violated by conduct set out in a specification. Consequently we attach no importance to the fact that, both at the trial and during the review of this case, the accused was regarded as having been convicted under Article 134, rather than under Article 86(3). Cf. United States v. Deller, 3 USCMA 409, 12 CMR 165; United States v. O'Neill, 3 USCMA 416, 12 CMR 172; United States v. Johnson, 3 USCMA 174, 11 CMR 174. However—as in Hallett, and to avoid all possibility of injustice—we remand the instant case to the board of review which considered the case to determine whether reassessment of sentence is appropriate in light of this Court's expression of views.

Chief Judge QUINN and Judge LATIMER concur.