UNITED STATES, Appellee

v

ELTON ARNOLD RENSHAW, Airman Apprentice,
U. S. Navy, Appellant

9 USCMA 52, 25 CMR 314

No. 10,258

Decided March 21, 1958

*Commander Charles Timblin,* USN, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, *Major Charles R. Larouche,* USMC, and *Major Verne L. Oliver,* USMC, were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

The single issue before us concerns the correctness of the law officer's admission in evidence of certain prosecution exhibits over defense objection. The issue arose in the following manner. On June 1, 1956, the accused absented himself from his place of duty at the United States Naval Training Center, Great Lakes, Illinois, and remained in an absentee status until June 28, 1956, when he surrendered to military authorities at Pensacola, Florida. Orders were then issued for him to return to his unit at Great Lakes not later than July 1, 1956. He failed to return as directed and remained absent until December 10, 1956, at which time he surrendered to civil authorities and was subsequently released to the Shore Patrol in Long Beach, California. For these periods of unauthorized absence, he was tried by general court-martial convened at San Diego, California, for the offenses of absence without leave from June 1, 1956, to June 28, 1956, and desertion from July 1, 1956, to December 10, 1956, in violation of Articles 86 and 85 of the Uniform Code of Military Justice, 10 USC §§ 886 and 885, respectively. He pleaded guilty to the offense of unauthorized absence and not guilty to the desertion charge but guilty of the lesser offense. The only remaining issue for the court-martial's determination was the question of the accused's intent to desert.

The inception and termination of both periods of illegal absence were proved by duly authenticated extracts of official records. The prosecution next introduced a court memorandum showing the accused's prior conviction by a summary court-martial for an unauthorized absence of thirty-five minutes that had occurred on January 21, 1956. In addition, an extract from the accused's service record showing an unauthorized absence of four days occurring in the latter part of February 1956 was also introduced. Defense counsel objected to the admission of these exhibits in evidence. The law officer admitted them, however, upon the claim they were relevant on the issue of intent involved in the desertion charge. There was no evidence presented on behalf of the accused, and the court-martial under proper instructions found him guilty as charged. The findings and sentence were subsequently approved by a convening authority and affirmed by a board of review.

The accused's major contention is that evidence of a conviction for an unauthorized absence of thirty-five minutes has no probative value on the question of his intent or motive in

**53**

absenting himself five months later.[1] The Government, on the other hand, frankly concedes that such absence standing alone has but slight significance, but that when considered in light of the ensuing course of events "an inference of indifference to military law becomes reasonably permissible." In addition, the Government urges that the initial unauthorized absence adds meaning to the three subsequent absences occurring over a period of five months.

In United States v Powell, 3 USCMA 64, 11 CMR 64, the accused, as in the case at bar, was charged with desertion with intent to remain away permanently. Before findings, trial counsel had introduced over defense objection extracts from the accused's service record which showed seven previous convictions for ten periods of unauthorized absence over a three-year period, ranging in duration from one to seventy-four days. This Court held that such evidence was indicative of an intent to remain away from the service permanently, regardless of whether the prior absences had terminated voluntarily or involuntarily, and hence, the previous convictions were admissible on the issue of intent. See also paragraph 138*g*, Manual for Courts-Martial, United States, 1951. The case of United States v Graham, 5 USCMA 265, 17 CMR 265, presented this Court with a variation of the situation which was present in the *Powell* case, supra. In *Graham*, it was shown that the accused, who was also charged with desertion, had been twice convicted of unauthorized absences of seventy-seven and forty-four days, respectively. Over objection, this evidence was permitted to go to the court-martial on the question of intent. In an effort to avoid our holding in *Powell*, supra, the accused stressed the substantial difference in number between the absences in his case and those in the *Powell* case. The Government, however, took the position that the controlling factor was the relevancy of the absences rather than the number. Cf. United States v Deller, 3 USCMA 409, 12 CMR 165; United States v O'Neil, 3 USCMA 416, 12 CMR 172. When considered as a whole, we were satisfied that such evidence revealed "an integrated course of conduct which throws light on the accused's intent during the absence charged." Accordingly, we had little hesitancy in sustaining the law officer's ruling.

The specific question for our determination in this case is whether an unauthorized absence of thirty-five minutes, which occurred some five months before the inception of the accused's alleged desertion, "shed[s] light clearly on the accused's mental attitude." United States v Powell, supra. We are constrained to conclude that it does not. To hold otherwise would be to extend a mechanical and artificial application of the rule to every prior conviction of unauthorized absence without regard to its duration or its relationship to the subsequent desertion offense. There is little question but that an unauthorized absence of thirty-five minutes, terminated by surrender, and for which a summary court-martial adjudged a forfeiture of $5.00, is a very minor offense. Any relevance between such a petty delict on the one hand and an alleged absence of some five months occurring over five months later is so slight as to be practically nonexistent. The following caveat, which this Court expressed in the *Powell* case, supra, would seem to have been made with the circumstances of the present case clearly in mind. We there cautioned that:

"In announcing our views on the admissibility of these exhibits, we do not intend to suggest that in every instance when an accused has been previously convicted of absence without leave, that his conviction may be offered in evidence as bearing on an intent to desert. Law officers should

---

[1] When this case was before the board of review, the accused had made a similar claim respecting evidence of his prior conviction for a four-day absence. In this Court, however, he has confined his attack to the introduction of the thirty-five minute absence without leave conviction. The admissibility of both prior convictions, however, will be considered by us in this opinion.

exercise discretion in determining their admissibility. *In the event they do not shed light clearly on the accused's mental attitude, they should be rejected.*" [Emphasis supplied.]

We conclude, therefore, that it was error for the law officer to admit the prior conviction for a thirty-five minute absence in evidence as bearing on the question of the accused's intent. We reach a different result, however, as to the previous conviction for a four-day absence. This second absence was terminated by apprehension at a place almost 300 miles from the accused's duty station and resulted in a special court-martial which adjudged confinement for two months and partial forfeitures for three months. Evidence of this offense has legitimate probative value on the question of the accused's subsequent intent to remain away permanently, and was properly submitted to the court-martial for its consideration. We need only assess the prejudice resulting from the admission of the first previous conviction in evidence before concluding this opinon. The accused has vigorously contended throughout that evidence of this conviction was so completely lacking in relevance as to be incapable of suggesting any particular intent or motive. We agree with this contention, but such agreement necessarily leads us to conclude that the offense was of such

an inconsequential nature that it could not have had the slightest effect on the court-martial's findings. Error without corresponding harm does not entitle one to relief. Article 59 (a), Uniform Code of Military Justice, 10 USC § 859.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

The theory underlying the admissibility of previous absences is to shed light on the probable existence of an intent to remain away permanently. Many factors are relevant to that issue, including a distaste for the military service. Perhaps one isolated absence of short duration would be insignificant, but when it is considered in connection with three others in the course of five months, it adds some weight to the theory that the accused was seeking to avoid his obligation to serve. It was the first in a series which became progressively longer and more aggravated, and it was sufficiently close in point of time to his desertion to show the start of a continuous course of conduct evidencing an aversion to the military service. I would, therefore, hold it was admissible.