**UNITED STATES, Appellee**

v

**THEODORE E. PHILLIPS, Private, U. S. Marine Corps, Appellant**

**9 USCMA 151, 25 CMR 413**

No. 10,565

Decided April 11, 1958

*Ensign David M. Clinard,* USNR, argued the cause for Appellant, Accused.

*Lieutenant (jg) John V. L. Ellicott,* USNR, argued the cause for Appellee, United States.

## Opinion of the Court

RORERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of the larceny of a $24 wrist watch, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and sentenced him to a bad-conduct discharge, partial forfeiture of pay, and confinement at hard labor for

**151**

six months. The convening authority approved the sentence, but in view of the accused's "immaturity" suspended the execution of the discharge with provision for automatic remission. With further modification of the sentence, the supervisory authority approved the conviction and it was affirmed by a board of review. The question before us concerns the correctness of trial counsel's cross-examination of the accused on a previous conviction by summary court-martial for a 1½ day unauthorized absence and previous "office hours" under Article 15 of the Uniform Code, 10 USC § 815.

The Government concedes that, at least in part, trial counsel's cross-examination on the matters noted was error. It contends, however, that the accused was not prejudiced in regard to the findings and that the staff legal officer's advice to the supervisory authority shows that the error was considered by the latter and was the basis for his reduction of the period of confinement. In his brief, appellate defense counsel admits the "pettiness" of the previous acts of misconduct injected into the case by trial counsel, but, nevertheless, maintains that the evidence prejudiced the accused by casting doubt upon his credibility. Assuming that the whole of trial counsel's interrogation was improper, the acts of previous misconduct are so minor and so unrelated to the issues in the case that we are certain they had no adverse influence upon the court members in their deliberations on the accused's guilt or innocence. United States v Renshaw, 9 USCMA 52, 25 CMR 314; United States v Nicholson, 8 USCMA 499, 25 CMR 3. And if the evidence had any adverse effect upon the court-martial in adjudging the sentence, the action taken by the supervisory authority was sufficient to eliminate it. United States v Peters, 8 USCMA 520, 25 CMR 24.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.