UNITED STATES, Appellee

v

VALENTINE K. WALLACE, Private,
U. S. Army, Appellant

19 USCMA 146, 41 CMR 146

No. 22,232

December 19, 1969

*Captain David S. Cooper* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Thomas R. Maher,* and *Captain Eugene W. Murphy, Jr.*

*Captain Edwin L. Gage* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Major R. Kevin McHugh.*

### Opinion of the Court

QUINN, Chief Judge:

A general court-martial convened in the Republic of Vietnam convicted the accused of desertion and impersonating a noncommissioned officer, in violation of Articles 85 and 134, Uniform Code of Military Justice, 10 USC §§ 885 and 934, respectively. It imposed a sentence extending to a dishonorable discharge and confinement at hard labor for two years. The case is before this Court to determine whether the trial judge erred to the accused's prejudice by admitting into

evidence a record of accused's previous convictions for unauthorized absences.

The unauthorized absence upon which the desertion charge was predicated began on May 26, 1967, and was terminated by apprehension on April 16, 1968. The period of absence was established by entries in the morning report of the accused's organization. Other evidence indicated that, when apprehended, the accused wore combat fatigues bearing the name of Kealoha. The accused represented to the arresting officer that he was Sergeant First Class Kealoha and was assigned to a Military Police unit. Investigation, however, disclosed his true identity. Over defense objection, the law officer admitted into evidence an extract from the accused's service record of previous convictions for unauthorized absences as relevant to the accused's intent to remain away permanently. The evidence is as follows:

| Court | Offense | Sentence |
| --- | --- | --- |
| Special court-martial | Absent without leave, August 2–8, 1965. | Confinement at hard labor for six months, partial forfeitures, and reduction to Private E-1. Sentence adjudged August 17, 1965. Confinement at hard labor suspended until February 10, 1966. |
| Special court-martial | Absent without leave, November 19, 1965–January 17, 1966. | Confinement at hard labor for six months and partial forfeitures for a like period. Sentence adjudged February 2, 1966, and approved February 4, 1966. |
| Special court-martial | Absent without leave, October 3–14, 1966; October 29–December 2, 1966. | Confinement at hard labor for six months and partial forfeitures for a like period, and reduction in grade. Sentence adjudged December 21, 1966, and approved December 22, 1966. |

Evidence of other misconduct by the accused is not admissible as part of the Government's case unless it "has substantial value" to prove a fact in issue. Manual for Courts-Martial, United States, 1951, paragraph 138g; United States v Johnson, 3 USCMA 447, 13 CMR 3; United States v Bryant, 12 USCMA 111, 30 CMR 111. In a number of cases, we have held that evidence of previous convictions for unauthorized absences may tend to indicate the accused entertained a particular intent in regard to the absence for which he is on trial. United States v Powell, 3 USCMA 64, 11 CMR 64; United States v Deller, 3 USCMA 409, 12 CMR 165; United States v Renshaw, 9 USCMA 52, 25 CMR 314. Specifically, in a prosecution for desertion based upon an unauthorized absence with the intent to remain away permanently, we have sustained the admission into evidence of the record of convictions for previous unauthorized absences as relevant to the question whether the accused entertained the intent to remain away permanently. United States v Powell, supra; United States v Graham, 5 USCMA 265, 17 CMR 265.

Not every record of previous unauthorized absence is indicative of the intent to remain away permanently

during a later absence. Standing alone, unauthorized absence does not necessarily support an inference of an intent to remain away permanently. See United States v Soccio, 8 USCMA 477, 24 CMR 287. As we pointed out in the *Powell* case, supra, page 68, each absence must be viewed in "the light of other attendant facts and circumstances." We expressly cautioned that if the record of previous absences does not "shed light clearly on the accused's mental attitude" with regard to the offense charged, it must be excluded from evidence. *Id,* at page 70. In United States v Graham, supra, pages 268, 269, we sustained the admission into evidence of a record of previous convictions from which it could be fairly inferred that "having twice surrendered [after periods of unauthorized absence], and twice regretted that act, the accused determined, during his third absence, to remain away permanently." However, in United States v Renshaw, supra, page 54, we determined it was error to admit evidence of a previous conviction for an unauthorized absence of thirty-five minutes, which indicated that the offense was committed approximately five months before the desertion charge and had no discernible connection with the subsequent absences. As in *Powell,* we rejected the idea that a previous unauthorized absence tends to indicate an intent to remain away permanently during a later absence irrespective of "its duration or its relationship to the subsequent desertion offense." With these cases in mind, we turn to the record of unauthorized absences admitted against the accused.

The first unauthorized absence was committed almost two years before the present charge. The period of absence was six days. Without more, this offense would appear to be unrelated to, and separate from, the desertion for which the accused was on trial. However, the record also indicates the court-martial sentenced the accused to confinement at hard labor for six months and this sentence was suspended by the convening authority until February 10, 1966. Before the period of suspension ended, the accused again absented himself. The first absence, therefore, is not separate in time and circumstance from the second and succeeding absences as in the *Renshaw* case. Rather, this absence can fairly be considered a part of the "course of conduct" evidenced by the subsequent absences. United States v Graham, supra, page 268. Here, as in *Powell,* supra, page 69, the entire record of unauthorized absences, covering a period of approximately two years, can fairly be viewed as portraying "a man who refuses to remain with the service except when he is in confinement or some other form of restraint—[indicative of] a rather defiant attitude of 'I will not serve voluntarily.'" We conclude, therefore, that the record of previous absences was properly admitted into evidence as tending to indicate the accused's intention during the absence charged.

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.