STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS.                                   CIVIL ACTION
                                                  DOCKET NO. AP-12-29
MARGARET TESTAVERDE,                 )            _ʊ/\/ _ CʊM - 5/29/2013
                                     )
            Plaintiff,               )
    v.                               )
                                     )            ORDER
MAINE UNEMPLOYMENT                   )
INSURANCE COMISSION                  )
                                     )
            Defendant.               )


I.      Background

Plaintiff, Margaret Testaverde, was terminated from her position as a server at

Warren's Lobster House on May 18, 2011. Plaintiff had worked as a server at Warren's

Lobster House since May 2, 2007. Plaintiff was discharged after a dispute between

Plaintiff and her supervisor on May 12, 2011. Plaintiff had arrived at work and begun

serving the tables assigned to her by the hostess. Approximately an hour and a half later,

the rounds supervisor, Sean Spiller, approached her and told her she should not assume

the tables she was serving had been assigned to her. Plaintiff told Mr. Spiller that she had

checked her table assignment with the hostess. Mr. Spiller responded that he had not seen

Plaintiff check her assignment with the hostess. Plaintiff asked if he was calling her a liar

and demanded an apology. Mr. Spiller walked away.

Plaintiff later asked to speak with Mr. Spiller in the back area, away from patrons.

Mr. Spiller ignored her request. About fifteen minutes later Mr. Spiller asked what

Plaintiff wanted. Plaintiff told him that she wanted an apology. Mr. Spiller threatened to

write a warning for her conduct. Plaintiff pointed to the back area of the restaurant and

suggested they talk there. Mr. Spiller either slapped down Plaintiff's arm, according to

1

Plaintiff, or brushed Plaintiff's arm out of his way, according to the employer. A discussion continued in the back area, in which Plaintiff asked for an apology and Mr. Spiller threatened to give Plaintiff a warning. Plaintiff then returned to work.

The following day when Plaintiff arrived at work she met with the general manager, Brad Cunningham, and an independent HR consultant, Bette Rose. They discussed the incident. Plaintiff wanted documentation that Mr. Spiller had assaulted her. At the end of the meeting Mr. Cunningham told Plaintiff to go home and that she would be contacted regarding her employment status. Plaintiff was informed that her employment was terminated on May 18, 2011 by phone. A letter was subsequently sent stating that she was fired for gross insubordination retroactive to May 12, 2011.

Petitioner filed for unemployment insurance benefits on May 24, 2011. The Deputy hearing officer performed a fact finding interview on June 8, 2011 and denied Petitioner's claim. After a hearing on July 11, 2011, an Amended Decision was issued granting Plaintiff unemployment compensation benefits. The decision was appealed to the Maine Unemployment Commission, which again reversed the decision, finding that Plaintiff was fired for misconduct and disqualified from the receipt of unemployment. Plaintiff has appealed the finding of the Unemployment Commission.

II.    Standard of Review

When the Court reviews a Decision of the Maine Unemployment Insurance Commission, its review "is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by

2

the Law Court." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1207-08 (Me. 1982). The Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *Id; see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. *See* 5 M.R.S.A. § 11007(4)(C)(5); *Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985).

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987); *Gulick*, 452 A.2d at 1209.

III.     Discussion

An individual discharged from work on the basis of misconduct is disqualified from the receipt of unemployment compensation pursuant to 26 M.R.S. § 1192. The employer bares the burden of proving that the employee's conduct did meet the statutory definition of misconduct. 12 CMR 172-18(1) (2012). The statute defines misconduct to include "[u]nreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment," and "[i]nsubordination or refusal without good cause to follow reasonable and proper instructions from the employer," 26

3

M.R.S. § 1043(23)(A)(2), (9) (2012). According to the decision in *Forbes-Lilley v. Maine Unemployment Ins. Comm'n*, "[c]laimant's admitted violation of a company rule does not necessarily rise to the level of statutory misconduct. Rather, such a determination requires a two-prong analysis: (1) the employer must have a reasonable standard for discharge and (2) the employee must have acted unreasonably in failing to meet that standard." *Forbes-Lilley v. Maine Unemployment Ins. Comm'n*, 643 A.2d 377, 379 (Me. 1994) (citations omitted).

Under the first prong of the analysis, the Employer's rule must have been reasonable. "[D]isqualification from receiving the benefits of the unemployment act must be established with reference to an objective standard." *Moore v. Maine Dep't of Manpower Affairs, Employment Sec. Comm'n*, 388 A.2d 516, 519 (Me. 1978) A policy which is not uniformly enforced is unreasonable because "[f]ailure to enforce a policy uniformly, whether to the employee's benefit or detriment, still influences the employee's belief regarding the consequences of his actions." *New England Wooden Ware Corp. v. Comm'r of Dep't of Employment & Training*, 61 Mass. App. Ct. 532, 535, 811 N.E.2d 1042, 1045 (2004).

In this case, Plaintiff was informed by letter that she was fired for gross insubordination. It is reasonable for an employer to have a rule prohibiting confrontational behavior. As noted by the hearing officer in the Amended Decision, a rule prohibiting confrontational behavior is reasonable on its face because:

> "Confrontational behavior creates anxiety and mental distraction, compromising employee attention to their duties for the employer. Confrontational behavior can also escalate to a more serious altercation. Abusive behavior demonstrates lack of respect for co-workers and undermines the cooperative relatinships necessary for a productive work environment. Behavior that is loud and confrontational is also disturbing

4

to a restaurant's customers, and could reasonably be expected to adversely affect the employer's repeat business. Abusive language towards management demonstrates a lack of respect for management and undermines the cooperative relationships necessary for a productive work environment."

Amended Decision p. 4.

However, if confrontational behavior occurred in this case, the confrontational behavior was demonstrated by both Plaintiff and Mr. Spiller. Nonetheless, only Plaintiff was penalized for the incident. If the incident was exacerbated by the location where it took place, Plaintiff did not determine the location. Plaintiff requested to speak with Mr. Spiller out of the dining room area twice, and he declined. Considering the facts presented, if Plaintiff's behavior could be considered confrontational and grounds for termination on the basis of misconduct, Mr. Spiller's conduct must be considered the same. As he did not face termination on the same grounds, the Court finds the enforcement of the rule inconsistent and therefore unreasonable. With no evidence to support the finding that the rule was uniformly applied, the Court finds that the rule was unreasonable and Plaintiff was discharged without cause.

IV.     Conclusion

The Court Reverses the decision of the Commission and finds Plaintiff was discharged without misconduct as outlined in 26 M.R.S. § 1043(23).

DATE:     5/29/13

_____
John O'Neil, Jr.
Justice, Superior Court

5

ATTORNEY FOR PLAINTIFF:
WENDY MOULTON STARKEY, ESQ.
ROSE LAW LLC
15 WOODBRIDGE ROAD
YORK, ME 03909

ATTORNEY FOR DEFENDANT:
ELIZABETH J. WYMAN, AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, ME 04333