UNITED STATES, Appellee

v

ROBERT FULLER, Private E–2, U. S. Army, Appellant

9 USCMA 143, 25 CMR 405

No. 10,300

Decided April 11, 1958

*First Lieutenant William L. Garwood* argued the cause for Appellant, Accused. With him on the brief were *Colonel Edward M. O'Connell* and *First Lieutenant Stephen D. Potts.*

*First Lieutenant Thomas M. Lofton* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Major Thomas J. Nichols.*

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Mattie Allen's husband, Joe, was in jail on a charge of attempted murder. They needed money to retain counsel to represent him. Allowing for some variation in the testimony, it appears that they and the accused determined to burn a small frame house owned by the Allens for the purpose of collecting the insurance. The accused was to receive $50 from the proceeds. In the early morning of December 29, 1956, Mrs. Allen and the accused purchased a gallon of gasoline from a service station in a nearby town. They returned to the house, poured the gas over some of the walls and the stove, ignited the gasoline, and left the scene. The next morning Mrs. Allen, accompanied by the accused, filed a notice of loss with her insurance agent. The fire was also discussed with a fireman "at the fire station." He told the accused and Mrs. Allen to "go to the police station." Shortly after arriving there, said the accused in a pretrial statement admitted into evidence, "they locked me up."

**143**

Two charges were preferred against the accused for his participation in the house burning. The first charge (Additional Charge I) alleged that in conjunction with Mattie and Joe Allen he did "willfully and maliciously burn the property and dwelling . . . [of the Allens] with intent to defraud the United States Fidelity and Guaranty Insurance Company, Baltimore, Maryland," in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. In the second charge (Additional Charge II), it was alleged that, with the Allens, the accused attempted "to steal" $500 from the same company, in violation of Article 80, Uniform Code of Military Justice, 10 USC § 880. Along with the allegation of a 36-day unauthorized absence, the charges were referred to trial by a general court-martial. The accused was convicted of all charges.

The question before us is whether Additional Charge I alleges an offense under Article 134. Under certain circumstances the willful and malicious burning of property constitutes arson, and is a violation of Article 126 of the Uniform Code. The Government and the accused agree that the act alleged in Additional Charge I does not come within either of the subdivisions of that Article. It is unclear whether under the common law it was an indictable offense to set fire to a dwelling for the purpose of defrauding another. Roberts v State, 7 Coldw 359 (Tenn); State v Fish, 27 NJL 323; apparently contra, State v Sarvis, 45 SC 668, 24 SE 53. However, in modern times specific statutes in many states and in the District of Columbia prohibit the act and provide for the imposition of substantial punishments upon offenders. 6 CJS, Arson, § 2b, page 719. Considering the fraudulent purpose of the act, it unquestionably constitutes conduct of a nature which directly discredits the Armed Forces. United States v Herndon, 1 USCMA 461, 4 CMR 53; see also United States v Leach, 7 USCMA 388, 22 CMR 178; United States v Eagleson, 3 USCMA 685, 14 CMR 103. It is at least as flagrant an act of dishonor as the dishonorable failure to pay a lawful debt

**144**

(United States v Kirksey, 6 USCMA 556, 20 CMR 272), and carries a greater possibility of monetary loss and physical peril to others. United States v Holiday, 4 USCMA 454, 16 CMR 28. In the absence of other considerations, therefore, the willful and malicious burning of a dwelling with the intention of defrauding another constitutes a violation of Article 134. But, the accused's counsel contend that there are countervailing circumstances.

Appellate defense counsel maintain that Congress intended to limit prosecution for every kind of burning of property to Article 126, and if a particular act does not fall within the provisions of that Article it cannot be charged as a violation of Article 134. United States v Norris, 2 USCMA 236, 8 CMR 36; United States v Hallett, 4 USCMA 378, 15 CMR 378. The Government contends that it has not attempted "to eliminate vital elements from common law crimes" and to punish the remainder as an offense under the general Article. *United States v Norris*, supra, page 239. It argues that it has charged a completely different offense, which is conduct to the discredit of the Armed Forces under Article 134.

An examination of the legislative background of the Uniform Code shows nothing significant in regard to the Congressional intention. The Judge Advocate General of the Army, in the Subcommittee hearing, and Senator Tobey, on the floor of the Senate, offered certain amendments to the Article. Hearings before the Senate Armed Services Committee on S. 857 and H. R. 4080, 81st Congress, 1st Session, page 277; 96 Cong Rec 1293, 1308. The proposals relate to the kind of property to be included within the scope of the Article and are not germane to the point in issue. The background material thus sheds little light on Congressional intention. Other factors support the view that Congress did not preclude prosecution for the kind of misconduct charged. The board of review noted, and we agree, that although arson and a fraudulent burning are commonly considered together, the two have different purposes. Arson

protects the security of the habitation or the possession; whereas the latter offense sounds in fraud. The Supreme Court of Ohio has observed that the crime of arson and that of burning with the intent to prejudice the insurer are "separate and distinct crimes and not different degrees of the same crime." Haas v State, 103 Ohio St 1, 132 NE 158, 17 ALR 1164. Moreover, the offense of fraudulent burning is not made up of elements remaining from those of arson after one or more of the essentials of the latter are eliminated. Cf. *United States v Norris*, supra. We conclude, therefore, that Article 126 does not preclude prosecution under Article 134 of the misconduct alleged in the specification of Additional Charge I.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.