UNITED STATES, Appellee

v

MILTON W. McCORMICK, Private, U. S. Army, Appellant

12 USCMA 26, 30 CMR 26

No. 14,119

Decided November 25, 1960

 

*First Lieutenant Thomas Stapleton* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant Francis J. Larkin* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. Mc-Conaughy, Captain Wade H. Sides, Jr.,* and *First Lieutenant George H. Parsons.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Among other offenses, the accused was found guilty of assault and battery upon a child under the age of sixteen years, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. Intermediate appellate authorities affirmed, and we granted review on the issue whether assault and battery upon a minor under the age of sixteen was conduct violative of Code, supra, Article 134.

The facts surrounding the incidents giving rise to the charges against the accused need not be related. Suffice it to say that the prosecution competently proved that the accused struck his twelve-year-old victim in the face with his fist. Before us, the defense urges that Code, supra, Article 128, 10 USC § 928, is pre-emptive of Code, supra, Article 134, with respect to the offense of assault and battery, and that the offense may not properly be charged as a violation of the latter statute, even though the aggravating feature of the victim's age is alleged and proved. On the other hand, the Government argues that the President may properly proscribe such conduct under the general article and that, in any event, the erroneous designation of the Article in the Charge is harmless error. A proper solution to the problem lies somewhere between the contentions of the respective parties.

Code, supra, Article 134, provides:

*"Though not specifically mentioned in this chapter,* all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court." [Emphasis supplied.]

We have heretofore reviewed the legislative purpose in enacting the foregoing statute and determined that it "should generally be limited to military offenses and those crimes not specifically delineated by the punitive Articles." United States v Norris, 2 USCMA 236, 8 CMR 36, at page 239. See also Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, page 720, and Hearings before Senate Armed Services Committee on S. 857 and H. R.

4080, 81st Congress, 1st Session, pages 37, 47. The Government, however, seeks to limit the rule set forth in *Norris,* supra, to the facts of that case, and argues that the rule of pre-emption applies only when the services attempt to strike an element from an offense and punish the remaining misconduct as service-discrediting conduct. While that construction of Code, supra, Article 134, may accord with the evidentiary background of the *Norris* case, as well as some of our later decisions in the same area, see United States v Geppert, 7 USCMA 741, 23 CMR 205, and United States v Johnson, 3 USCMA 174, 11 CMR 174, we have never so limited the doctrine of pre-emption. Indeed, in United States v Deller, 3 USCMA 409, 12 CMR 165, we held that an absence without leave with the added element of intent to avoid basic training could not be punished under the general article in view of the pre-emptive provisions of Code, supra, Articles 85, 86, and 87, 10 USC §§ 885, 886, 887. In United States v Woodson, 3 USCMA 372, 12 CMR 128, we specifically pointed out that the terms of Code, supra, Article 128, forbade invocation of Article 134 to punish an assault with intent to inflict great bodily harm.

That such is a sound construction of Article 134 is beyond doubt. The statute expressly excepts from its coverage conduct "not specifically mentioned in this chapter" and each of the general articles which preceded it, ranging backward through history to those extant in the British Army, were similarly intended only "to provide a general remedy for wrongs not elsewhere provided for." Winthrop, supra, page 725.

Nor is there any basis for the proposition that the President may create an offense under the Code. To the contrary, our forefathers reposed in the Congress alone the power "To make Rules for the Government and Regulation of the land and naval Forces." United States Constitution, Article 1, Section 8. The President's power as Commander-in-Chief does not embody legislative authority to provide crimes and offenses. See Crosskey, Politics and the Constitution, 423–425 (1953); concurring opinion of Mr. Justice Harlan, Reid v Covert, 354 US 1, 68, 1 L ed 2d 1148, 77 S Ct 1222 (1957). And in this area under the Code, the Executive's authority has expressly been limited to the authority to prescribe rules of evidence and procedure and maximum limits upon the punishments which a court-martial may direct. Code, supra, Articles 36, 56, 10 USC §§ 836, 856. See also United States v Symonds, 120 US 46, 30 L ed 557, 7 S Ct 411 (1887), and Hirshberg v Cooke, 336 US 210, 93 L ed 621, 69 S Ct 530 (1949).

For the foregoing reasons, it must necessarily be concluded that a simple assault and battery may not be converted into another offense under Code, supra, Article 134, by allegation and proof of the additional factor of the victim's age. Congress has acted fully with respect to this offense by its passage of Code, supra, Article 128. Hence, that statute is pre-emptive of the general article. United States v Norris, supra; United States v Woodson, supra. Accordingly, accused's misconduct properly should have been alleged as a violation of its terms.

The foregoing conclusion, however, does not end the matter. Left for consideration is the question of harm to the accused. In United States v Deller and United States v Johnson, both supra, we pointed out that the mere failure to designate the proper Article in the Charge is not prejudicial if the allegations of the specification precisely inform the accused of the nature of the offense he is required to meet. It is obvious that the specification before us meets that test, as it states the very crime proscribed by Code, supra, Article 128, and merely adds the additional element of the victim's age. Accordingly, the mere charging of the assault as a violation of the general article, while error, was clearly of no moment. Code, supra, Article 59, 10 USC § 859.

It is equally clear that the accused was not harmed with respect to the question of sentence adjudged, whether the assault be held punishable only as

confinement at hard labor for six months, as accused argues, or, as provided elsewhere in the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1951, by dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The other offenses of which accused was convicted—two specifications of burglary and one of indecent assault —permitted a possible maximum penalty of dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for twenty-five years. If the punishment for the additional assault is held to be six months rather than two years, the maximum punishment is increased to twenty-five years and six months. The limitation which was set by the law officer extended only to twenty-seven years. Thus, if he erred in treating the assault as punishable by two years' confinement, he transgressed the proper maximum by only eighteen months. The court-martial adjudged a sentence to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. This was less than one-fifth of the maximum punishment which all agree is proper. Under the circumstances, therefore, the error involved in the instructions on maximum sentence is *de minimis*, under the decisions of this Court, and the accused is not entitled to relief. United States v Horowitz, 10 USCMA 120, 27 CMR 194; United States v Genuario, 10 USCMA 260, 27 CMR 334.

The decision of the board of review is affirmed.

QUINN, Chief Judge (concurring in the result):

There is a substantial difference between charging a battery upon a child as a violation of Article 128, and alleging the act as violation of Article 134, Uniform Code of Military Justice. The latter requires proof of circumstances showing discredit to the Armed Forces, while the former does not. See United States v Gittens, 8 USCMA 673, 25 CMR 177; United States v Sanchez, 11 USCMA 216, 29 CMR 32. The difference in pleading and proof is, as the principal opinion points out, wholly immaterial in this case. Since no prejudice to any substantial right of the accused results from the form in which the offense here is alleged, I join in affirming the decision of the board of review.

LATIMER, Judge (concurring in the result):

I concur in the result.

I do not, however, agree with the concepts advanced by the author Judge for the reason that they have been rejected by us in United States v Frayer, 11 USCMA 600, 29 CMR 416, and United States v Holiday, 4 USCMA 454, 16 CMR 28. See also United States v Fuller, 9 USCMA 143, 25 CMR 405, where the Chief Judge, writing for a unanimous Court with regard to the doctrine of pre-emption, rejected its application in that case, making the following illuminating observation:

". . . Moreover, the offense of fraudulent burning is not made up of elements remaining from those of arson after one or more of the essentials of the latter are eliminated. Cf. *United States v Norris*, supra." [9 USCMA at page 145.]

Considerations could be set forth at length to demonstrate the absence of any Congressional intent to blanket the entire field of assaults with Article 128 of the Code, 10 USC § 928. Suffice it to note here, however, that we have on many occasions affirmed convictions under Article 134, Uniform Code of Military Justice, 10 USC § 934, for various types of assaults. And in United States v Gittens, 8 USCMA 673, 25 CMR 177, and United States v Lawrence, 8 USCMA 732, 25 CMR 236, even though reversing on other grounds, this Court implicitly recognized that assaults dependent on the status of the victim may properly lie under the general article.

But in any event, no law on the question is fixed by the Court's holding in the case at bar, so a full discussion of that issue is unnecessary here and a firm answer need not be given. However, even if we were to assume that the instant offense is covered by Article

**29**

128, as the author Judge contends, then the maximum punishment for the crime charged and proved is merely misplaced in the Table of Maximum Punishments. The President is empowered by Article 56, Uniform Code of Military Justice, 10 USC § 856, to set maximum limits on sentences for offenses, and he may vary the punishment conditioned upon aggravating or extenuating circumstances. He listed the specific offense herein alleged and proved, and prescribed a maximum including two years' confinement. Paragraph 127c, Manual for Courts-Martial, United States, 1951, at page 225. That was the period used by the law officer, and accordingly the instruction given by him was proper. To hold otherwise is to ignore the limit of punishment for a described offense merely because of its location in the Table of Maximum Punishments, a premise totally inconsistent with our decisions in United States v Deller, 3 USCMA 409, 12 CMR 165, and allied cases.

For the above stated reasons, I join in affirming the decision of the board of review.