UNITED STATES, Appellant

v

LEROY HERNDON, Airman Third Class, U. S. Air Force, Appellee

15 USCMA 510, 36 CMR 8

*Major William F. Rutherford* argued the cause for Appellant, United States. With him on the brief was *Colonel Emanuel Lewis.*

*Major Milton E. Kosa* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph Buchta.*

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial convened at England Air Force Base, Louisiana, by the Commander, Ninth Air Force (TAC), the accused pleaded guilty to thirteen specifications alleging that he wrongfully and unlawfully obtained telephone services of specified values, from the Southern Bell Telephone and Telegraph Company, with intent to defraud, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was found guilty in accordance with his plea and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. Reducing the period of confinement involved to one year, the convening authority otherwise affirmed the sentence. The board of review found the specifications failed to allege offenses under the Uniform Code of Military Justice, and ordered the charge dismissed. The Judge Advocate General of the Air Force has certified that decision to this Court upon the following question:

"WAS THE BOARD OF REVIEW CORRECT IN ITS DETERMINATION THAT THE SPECIFICATIONS FAIL TO ALLEGE OFFENSES UNDER THE UNIFORM CODE OF MILITARY JUSTICE?"

The allegations of the specifications in question are, except for variations in time and value, similar. We need, therefore, set forth only one of the counts to exemplify the problem presented:

"In that Airman Third Class Leroy Herndon, United States Air Force, 834th Civil Engineering Squadron, did, at England Air Force Base, Louisiana, on or about 4 July 1964, wrongfully and unlawfully obtain from the Southern Bell Telephone and Telegraph Company, telephone services of a value of about $3.85, by knowingly and with intent to defraud give to a direct dialing long distance telephone operator as the telephone number to be charged for a long distance call to telephone number CO 1–1958, listed with the St. Louis, Missouri, telephone exchange, then being placed by the said Airman Third Class Leroy Herndon, a telephone number that he was not authorized to use."

The board of review opined the specifications constituted an attempt to allege some form of larceny under Code, supra, Article 134, which did not constitute a violation of Code, supra, Article 121, 10 USC § 921, as the subject thereof was a service, rather than personal property. Concluding that the doctrine of preemption was applicable, and citing our decision in United States v Norris, 2 USCMA 236, 8 CMR 36, it held that, as the alleged acts of the accused could not constitute larceny under Code, supra, Article 121, neither did they, in this instance, constitute service-discrediting conduct under Code, supra, Article 134. Nevertheless, it added such conduct "might constitute a violation of military law under appropriately worded specifications," as conduct prejudicial to good order and discipline. It did not, however, consider it appropriate to suggest what should have been added to the counts.

We believe the board erred fundamentally in applying our holding in United States v Norris, supra, to the problem before it. In that case, the

**511**

"offense" with which we dealt was the taking of property without authority, in violation of Code, supra, Article 134, as a purported lesser included offense to larceny and wrongful appropriation, in violation of Code, supra, Article 121. Before us, it was argued that such, indeed, constituted a violation of the general Article, when no intent to steal or temporarily to deprive was found by a court-martial. We rejected that argument, expressed disagreement with the prevalent pre-Code practice of founding guilt on the provisions of Code, supra, Article 134, when an element or elements of a specifically denounced crime were either not alleged or established, and went on to point out that, in enacting Code, supra, Article 121, Congress intended larceny or wrongful appropriation to be established only as therein provided. We declared, at page 239:

"It is our view that, in accordance with the remarks of Professor Morgan, quoted earlier, Article 134 should generally be limited to military offenses and those crimes not specifically delineated by the punitive Articles. See Winthrop's Military Law and Precedents, 2d ed., 1920 Reprint, page 720. As the Manual itself notes, there is scarcely an irregular or improper act conceivable which may not be regarded as in some indirect or remote sense prejudicing military discipline under Article 134. Manual for Courts-Martial, United States, 1951, page 381. *We cannot grant to the services unlimited authority to eliminate vital elements from common law crimes and offenses expressly defined by Congress and permit the remaining elements to be punished as an offense under Article 134.*

"*We are persuaded, as apparently the drafters of the Manual were, that Congress has, in Article 121, covered the entire field of criminal conversion in military law. We are not disposed to add a third conversion offense to those specifically defined.*" [Emphasis supplied.]

In essence, then, *Norris*, supra, holds that offenses specifically set out in the Code may not, following deletion of one or more of their elements, also be made punishable under the general Article, the theory being that, had Congress intended larceny to be made out on less than the requirements specified, it would have so provided and would not have included in Code, supra, Article 134, the disclaiming phrase, "Though not specifically mentioned in this chapter." United States v Deller, 3 USCMA 409, 12 CMR 165; United States v O'Neil, 3 USCMA 416, 12 CMR 172; and United States v Johnson, 3 USCMA 174, 11 CMR 174.

Similarly, in United States v McCormick, 12 USCMA 26, 30 CMR 26, it was pointed out that deletion of an element, as set forth in United States v Norris, supra, was not the sole test for determining the applicability of the doctrine of preemption, so long as an attempt to punish an offense elsewhere specifically denounced was shown, even if the allegation of an additional factor was involved. The question, generally speaking, is one of Congressional intent. See United States v Toutges, 13 USCMA 425, 32 CMR 425.

Here, however, we are not presented with a situation in which an element of larceny is omitted and the remaining acts made conduct violative of the general Article. As the allegations set forth above indicate, there was (1) an obtaining by the accused, (2) with intent to defraud, (3) of telephone services, (4) of a certain value, (5) belonging to another, and (6) by means of a knowing false pretense.

Appellate defense counsel contend before us these allegations would make out the offense of larceny, under Code, supra, Article 121, except that telephone services may not be the subject of larceny. Hence, it contends an element of that crime has been dropped and, under our holding in *Norris*, supra, the remaining matters cannot be punished under Code, supra, Article 134. The board of review seemingly agrees. Both, however, misapprehend our holding in the *Norris* case, supra. No element as such of larceny has been omitted here. It is clearly alleged that the accused, by means of a material false pretense, has *obtained* something of value from another, with intent to

512

defraud. The question basically presented does not involve the dropping of an element of a specifically denounced offense, or, indeed, the addition of an element to a particularized crime under the Code, as set forth in United States v McCormick, supra. Rather, the issue is whether that which the accused obtained, *i.e.*, telephone services, is personal property or an article of value which may be the subject of larceny under Code, supra, Article 121. If such be the case, then the specification in fact alleges larceny by false pretenses and, as all elements thereof are set forth, the board of review erred in concluding the charge must be dismissed. United States v Deller; United States v O'Neil, both supra. On the other hand, if such are not the subject of larceny, the doctrine of preemption cannot come into play, for there can have been no "criminal conversion," as we spoke of in United States v Norris, supra. Rather, the specification would set forth an offense sounding in fraud, which is nowhere specifically punished under the Code. And on no occasion has it been contended that such conduct is not as a matter of fact service-discreditable.

Perhaps the best example of the non-applicability of the doctrine of preemption to the situation before us is our analogous decision in United States v Fuller, 9 USCMA 143, 25 CMR 405. There, the accused was charged with wilfully and maliciously burning a dwelling, with the consent of its owners, intending to defraud an insurance company. It was contended before the board of review and this Court that such conduct could not be punished under the general Article, as Congress had preempted the field of criminal burnings by enactment of Code, supra, Article 126, 10 USC § 926, dealing with arson. We unanimously concluded otherwise, and declared, at page 144:

". . . The board of review noted, and we agree, that although arson and a fraudulent burning are commonly considered together, the two have different purposes. Arson protects the security of the habitation or the possession; whereas the latter offense sounds in fraud. . . . Moreover, the offense of fraudulent burning is not made up of elements remaining from those of arson after one or more of the essentials of the latter are eliminated. Cf. *United States v Norris*, supra."

See also United States v Snearley, 15 USCMA 462, 35 CMR 434.

Thus, the question before us really does not involve preemption. The central issue is whether telephone services are subject to being stolen, that is, do they constitute personal property or an article of value, within the meaning of Code, supra, Article 121? If so, the specification makes out the offense of larceny and, as we held in United States v Deller, supra, and United States v O'Neil, supra, the mere miscaption of the Article violated as Code, supra, Article 134, would not operate to the accused's prejudice. On the other hand, if these services are not the subject of larceny, then the offense is one sounding in fraud which is directly discreditable to the armed services and, hence, is conduct violative of Code, supra, Article 134. United States v Fuller, supra. In either event, as we have previously noted, the board erred in its conclusion, and the accused can receive no relief from our determination as to which Article should be stated in the Charge. United States v Deller, United States v O'Neil, both supra; United States v McCormick, supra, at page 28. Under such circumstances, therefore, it is unnecessary for us to resolve the academic question whether telephone services constitute the subject of larceny. We hold, in response to the certificate, the board of review was incorrect in its decision that the specifications do not allege offenses under the Uniform Code.

The certified question is answered in the negative. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force for further action by the board consistent with this opinion.

Chief Judge QUINN and Judge KIL-DAY concur.