UNITED STATES, Appellant

v

HENRY N. LUMBUS, JR., Private, U. S. Army, Appellee

No. 28,271

UNITED STATES, Appellant

v

JOHNNIE SUTTON, JR., Private, U. S. Army, Appellee

No. 28,200

November 15, 1974

*Captain John R. Erck* argued the cause for Appellant, United States. With him on the briefs were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen* and *Captain R. Craig Lawrence.*

*Captain Ronald L. Gallant* and *Captain Robert C. Mueller* argued the cause for Appellees, Accused. With them on the briefs were *Colonel Arnold I. Melnick, Colonel Victor A. DeFiori, Lieutenant Colonel Edward S. Adamkewicz, Jr.,* and *Captain Allan K. DuBois.*

## OPINION OF THE COURT

Cook, Judge:

This case arises out of an incident that occurred when the victim, an acting sergeant, went to a barracks to conduct an inventory of the personal effects and clothing of Private Lumbus. During the encounter, both Private Lumbus and Private Sutton unlawfully struck the victim, who was a specialist four. At the time, however, the victim was wearing sergeant's insignia, and it was shown that both accused knew that he was an acting noncommissioned officer. Because of their conduct, each accused has been convicted at separate trials by special court-martial of striking a noncommissioned officer while in the execution of his office, in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891.

Upon review, the same panel of the Court of Military Review in each case held that offenses against acting noncommissioned officers are not within the purview of Article 91, UCMJ, 10 USC § 891. Accordingly, that body only affirmed the lesser included offense of assault and battery, in violation of Article 128, UCMJ, 10 USC § 928. The court in

reviewing the trial of Lumbus also declined ". . . to carve out a new offense under the general article [Article 134, UCMJ] for assault upon an acting noncommissioned officer." *United States v Lumbus,* 48 CMR 613, 614 (ACMR 1974). These holdings are the subject of two questions which have been certified to this court under the provisions of Article 67(b)(2), UCMJ, *viz.:*

## I

WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT AN ASSAULT ON AN ACTING NONCOMMISSIONED OFFICER WHILE IN THE EXECUTION OF HIS OFFICE IS NOT A VIOLATION OF ARTICLE 91?

## II

IF THE ANSWER TO THE FOREGOING IS IN THE AFFIRMATIVE, WAS THE COURT OF MILITARY REVIEW CORRECT IN FINDING THAT AN ASSAULT UPON AN ACTING NONCOMMISSIONED OFFICER WHILE IN THE EXECUTION OF HIS OFFICE IS PUNISHABLE ONLY AS A SIMPLE ASSAULT UNDER ARTICLE 128?

■ Article 91, UCMJ, 10 USC § 891, covers insubordinate conduct toward warrant officers, noncommissioned officers and petty officers but says nothing about persons only acting in such capacity. Discussing Article 91, Manual for Courts-Martial, United States, 1969 (Rev), paragraph 170*c,* adds:

> The article does not include an acting noncommissioned officer or acting petty officer, nor does it include a military policeman or member of the shore patrol who is not in fact a warrant officer, noncommissioned officer, or petty officer.

Precedent for this interpretation and its parallel in MCM, 1951, are the early holdings of *United States v Statsick,* 5 BR 283 (ABR 1934), and *United States v Oswald,* 5 BR 355 (ABR 1934). There, the applicability of Article of War 65, the predecessor to the present Article 91, UCMJ, 10 USC § 891, was involved. In *Oswald,* the accused, as the accused

here, struck an acting sergeant; but the Board of Review ruled that "the words 'noncommissioned officer,' as used in Article of War 65, refer to a person legally appointed a noncommissioned officer and do not include an acting noncommissioned officer." Significant too seems the fact that the Dictionary of United States Army Terms, Army Regulation 310-25, contains a definition of "noncommissioned officer" but nothing defining one who is merely so "acting" or even the term "acting" itself. Furthermore, although it is provided in Army regulations that acting noncommissioned officers have the authority of a regularly appointed noncommissioned officer of the same grade, they are not entitled to the pay and allowances for such higher grade and they also do not receive credit as time in a higher grade for promotion or date-of-rank purposes for this service.[1] Additionally, in the last century, the eminent legal historian Colonel Winthrop, when considering an analogous situation concerning commissioned officers in his treatise on military law, pointed out:[2]

> It need hardly be added that persons *"acting;"* (by the authority of military orders,) as officers . . . but who are not legally appointed or commissioned as such, are, though effectively performing all the duties which would devolve upon officers of the army under similar circumstances, clearly not officers . . .

Thus it would appear that this concept is neither new nor unknown to the military. With this background, therefore, and because the coverage of Article 91 is clear and unambiguous, the first certified question requires an affirmative answer.

Even though the Government has presented many cogent and pertinent arguments for broader coverage by the Article, it would appear that they should be more properly directed to the Congress for legislative modification of the Uniform Code of Military Justice. As indicated above, we feel constrained not only to follow precedent but more importantly to give appropriate effect to the

---

[1] AR 600-200, C 47 (February 10, 1972) paragraph 7-10*d* and *f.*

[2] Winthrop's Military Law and Precedents, 2d ed., 1920 Reprint at 71.

plain language of Article 91, as previously enacted and reenacted.

Turning to the second issue, two alternatives are advanced by the Government in place of the simple assault and battery affirmed by the Court of Military Review. Its first choice would be to affirm assault upon an acting noncommissioned officer while in the execution of his office, in violation of Article 134, UCMJ, 10 USC §934; the second proposes affirming an offense of assault upon an acting noncommissioned officer, in violation of Article 128, UCMJ, 10 USC § 928, and treating it as punishable as an assault upon a noncommissioned officer not in the execution of his office. In the case of the former, because the victim was not a noncommissioned officer, an essential element for offenses under Article 91, UCMJ, 10 USC § 891, its omission will not permit affirmance under the general article which action was shunned by the Court of Military Review. As was stated in *United States v Norris,* 2 USCMA 236, 239, 8 CMR 36, 39 (1953):

We cannot grant to the services unlimited authority to eliminate vital elements from common law crimes and offenses expressly defined by Congress and permit the remaining elements to be punished as an offense under Article 134.

■ The same reasons which call for the answer to the first certified issue are equally valid in regard to treating the offense as a special type of assault and equating the punishment to that for assault upon a noncommissioned officer not in the execution of his office. See, MCM, 1969 (Rev), paragraph 127*c*(1). The victim being only an acting noncommissioned officer, the maximum sentence for assaults against him may not be increased because of a status he does not have. In view of the foregoing, therefore, the second issue is also answered affirmatively. The action of the Court of Military Review is affirmed.

Judge QUINN and Senior Judge FERGUSON concur.