UNITED STATES, Appellee

v

DAVID FLUCAS, Jr., Fireman Apprentice, U. S. Navy, Appellant

No. 28,380

January 10, 1975

*Lieutenant Commander Jeffrey H. Bogart,* JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant Colonel P. N. Kress,* USMC.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

An altercation at the Enlisted Men's Club at Long Beach, California, led to the accused's conviction of riot and various assaults. As the result of intermediate appellate action, he stands before us convicted of breach of the peace, assault upon a noncommissioned officer, and assault upon a person engaged in the execution of military police duties. The questions presented in the grant of his petition for review are whether the military judge erred in failing to instruct on the accused's knowledge of each of his victims' status as an element of the assault charges and the sufficiency of the evidence to permit the factfinders to in-

274

fer that he knew one of his victims, Sergeant Robert L. LeBlanc, was in fact a noncommissioned officer. To place these questions in proper perspective, a brief recital of the facts is necessary.

The altercation arose at the club when an enlisted man refused to leave as ordered by the manager. The manager called for assistance, and four Marines were dispatched to the scene. Among this group were Sergeant Crumby, a military policeman uniformed as such, and Sergeant LeBlanc who, having been on standby status, was not in uniform. As Crumby, with LeBlanc's assistance, attempted to remove the enlisted man from the club, another sailor interfered. When he, too, was apprehended, the breach of the peace ensued. Both Crumby and LeBlanc definitely identified the accused as the individual who struck them, but the only other circumstance bearing on the accused's knowledge that LeBlanc was a noncommissioned officer is the fact that, immediately before the assault, someone exclaimed, " 'There's LEBLANC.' " LeBlanc was stationed at the local marine barracks and the accused was a member of the crew of U.S.S. *Barnstable County*. There is no evidence of prior association between the two men.

Appellate defense counsel point to the Manual's discussion of the offenses of assault on a noncommissioned officer and assault upon a military policeman in the execution of his duties under Article 128, Uniform Code of Military Justice, 10 USC § 928, and contend the Manual expressly provides that knowledge of the victim's status is an essential element of the offenses charged. See Manual for Courts-Martial, United States, 1969 (Rev.), paragraphs 207*b*(1) and 207*b*(2). In response, the Government concedes that the Manual so provides, but argues that elements of an offense are matters of substantive law which are beyond the authority of the President to prescribe. Analogizing the offenses in question to similar offenses under Articles 90 and 91, UCMJ, 10 USC §§ 890 and 891, it contends that lack of knowledge of the victim's status is an affirmative defense which was not raised by the evidence in this case.

■ We believe the Government's arguments lack merit. The Manual provisions expressly declare, as to the offenses charged, that "[k]nowledge by the accused that the person assaulted was a . . . noncommissioned officer . . . is an essential ingredient" of the one offense, paragraph 207*b*(1), MCM, and that the assault was committed "upon a person who, in the execution of his office, was performing . . . military police . . . duties" is an essential element of the other, paragraph 207*b*(2), MCM. True, as we have many times held, the President has no authority to prescribe in the Manual matters of substantive law, his powers in connection with the Code being generally limited to the promulgation of modes of proof and rules of procedure. Article 36, UCMJ, 10 USC § 836; *United States v Smith,* 13 USCMA 105, 32 CMR 105 (1962). Nevertheless, the Manual provision is valid, for the "element" of knowledge in each assault is expressly provided as part of an aggravating factor increasing the maximum permissible punishment "when the victim has a particular status or is performing a special function." Paragraph 207*b*, MCM.

In addition to his power under Article 36 to prescribe rules of procedure and modes of proof, the President also has authority to prescribe maximum limits of punishment for offenses under the Code when the Code itself does not prescribe a particular sentence. Article 56, UCMJ, 10 USC § 856. He may provide for increased punishment upon allegation, proof, and instructions regarding an aggravating factor. *United States v McCormick,* 12 USCMA 26, 30 CMR 26 (1960) (Latimer, J., concurring); United States v Nickaboine, 3 USCMA 152, 11 CMR 152 (1953).

■ That is precisely the situation in the present case. In order to increase the maximum limitation for punishment of an assault when the victim is a noncommissioned officer or a person in the execution of military police duties, the President has provided that the accused must know that his victim occupied the requisite status. Paragraph 207*b*, MCM. That knowledge must be the subject of instructions. Otherwise, the enhanced punishment cannot be imposed. *United*

*States v Nickaboine, supra.* In this case, there was no such instruction with reference to the assaults on Crumby and LeBlanc. This was error and, in light of the fact that the accused was sentenced on the basis of their special status, the error was prejudicial.

■ Turning to the question of sufficiency of the evidence to establish accused's knowledge that Sergeant LeBlanc was a noncommissioned officer, we are of the opinion that it is insufficient to do so. LeBlanc was clad in civilian clothes and there is nothing in the record to indicate any previous association between him and the accused. They were not stationed together and, for aught we know, had been unacquainted until the commission of the assault. Finally, the record does not establish that it was the accused who shouted, " 'There's LEBLANC,' " and absent at least such a showing, we see no basis for an inference of knowledge of LeBlanc's grade. We conclude, therefore, that the evidence is sufficient only to sustain findings of guilty of assault on LeBlanc without regard to his noncommissioned status.

The decision of the United States Navy Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may order a rehearing on so much of specification 1 of Charge II as charges an assault and battery on LeBlanc as an individual, specification 2 of Charge II, and the sentence, or it may reassess the sentence on the basis of the findings of guilty of breach of the peace and the two assaults on Crumby and LeBlanc without regard to their special status.

Judges QUINN and COOK concur.