UNITED STATES, Appellee,

v.

Private (E–1) Joseph D. BRAZIL, SSN 569–08–1243, United States Army, Appellant.

SPCM 12561.

U. S. Army Court of Military Review.

28 March 1978.

**510**

Captain Lawrence M. Fuchs, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John E. Thornock, JAGC, Major Benjamin A. Sims, JAGC, Captain D. David Hostler, JAGC, and Captain Steven J. McAuliffe, JAGC.

Captain Richard A. Kirby, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R. R. Boller, JAGC.

Before CARNE, MOUNTS and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT

TALIAFERRO, Judge:

Appellant was convicted by special court-martial, contrary to his pleas, of disrespect to a noncommissioned officer, assault upon a noncommissioned officer and robbery of a taxicab driver. His sentence to a bad-conduct discharge, confinement for six months and forfeiture of $249.00 per month for six months was approved.

Appellant assigns error in that (1) the court-martial was without *in personam* jurisdiction since his enlistment was void; (2) evidence of record did not support a robbery charge; and, (3) the court-martial lacked subject-matter jurisdiction over the robbery, which occurred, if at all, off post. Along with the assignment of error, appellant moved to hold the final decision in this case in abeyance, pending the outcome of an earlier court-martial case, then pending before this Court, in which case this same appellant had raised the issue of mental responsibility. *United States v. Brazil*, 4 M.J. 668 (A.C.M.R.1977). Appellant requested this Court to take judicial notice of the pleadings, record and status in *Brazil*, *supra*, and at the hearing in that case, requested the Court to take judicial notice of the instant case. The Court having, in each case, taken judicial notice of the other case in its entirety, and having ruled on the issues of mental responsibility and *in personam* jurisdiction in *Brazil*, *supra*, there remains, in the instant case only two issues to be decided—whether the court had subject-matter jurisdiction over the robbery offense, and whether the evidence of record establishes the robbery. We find that appellant by commandeering the taxicab while on post, and by maintaining the threat of violence until he exited from the taxicab, began the offense while subject to military jurisdiction and thus met the criteria of service connection announced in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct.

649, 28 L.Ed.2d 102 (1971) as interpreted by *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977). The fact that the offense continued until its consummation off post does not deprive the military court of jurisdiction.

Lastly, as concerns the sufficiency of evidence to establish the robbery, appellant contends that services, such as taxicab transportation here, are not a proper object of larceny under Article 121, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 921. The record indicates that appellant, after other passengers had departed from the taxicab, forced the driver to take him to his destination, claiming to have a pistol pointed at the driver's head. At his destination, appellant departed from the taxicab without paying the $3.00 fare. The military judge looked upon the offense as a "taking of services" which he concluded would be a larceny under Article 121, UCMJ. Appellant, in brief and in oral argument, contends that a service, rather than the $3.00 fare, was involved. The Government, citing *United States v. Herndon*, 15 U.S.C. M.A. 510, 36 C.M.R. 8 (1965) contends that services would be a proper subject of a larceny under Article 121, UCMJ. The *Herndon* case dealt with a charge of fraud under Article 134, UCMJ, therefore the dicta in *Herndon* relating to Article 121 is not dispositive of the issue before us.

We are not satisfied that the elements of proof under Article 122, UCMJ are established by the facts in this case. While the language "anything of value" in Article 122 seems to be broader in scope than the reference to "money, personal property, or article" in Article 121, it is also noted that larceny may be proven by establishing a "taking, obtaining or withholding," whereas the robbery statute uses only the word "takes." We find, in the present case, that a withholding of the taxicab fare is the essence of what was proven, and therefore will affirm only a finding of guilty of larceny under Charge III, and will reassess the sentence.

The findings of guilty of Charges I and II and their specifications are affirmed. Only so much of the findings of guilty of Charge III and its specification as finds that the appellant did, on or about 1730 hours, 12 August 1976, steal a taxicab fare of a value of about $3.00, the property of Dennis C. Thompson, in violation of Article 121, Uniform Code of Military Justice, is affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence as approved is affirmed.

Senior Judge CARNE and Judge MOUNTS concur.