UNITED STATES, Appellee,

v.

Specialist Five Virginia I. WIEGAND, 541–52–0641, United States Army, Appellant.

CM 447905.

U.S. Army Court of Military Review.

31 Oct. 1986.

For Appellant: Colonel James Kucera, JAGC, Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Darrell R. Taylor, JAGC, Margaret I. Johnson, Legal Intern (on brief).

For Appellant: Colonel Brooks B. La Grua, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Major Joel D. Miller, JAGC, Captain Scott A. Hancock, JAGC (on brief).

Before FELDER, RICHARDSON and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a general court-martial composed of officer members. Contrary to her pleas, appellant was convicted of making a false official statement, larceny, impersonating a noncommissioned officer, wrongful use of a false promotion order with the intent to defraud, and fraudulent extension of enlistment, in violation of Articles 107, 121, and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 907, 921, and 934 (1982), respectively. The members sentenced appellant to a dishonorable discharge, confinement for three years, total forfeitures, and reduction to Private E–1.

■ Appellant asserts that the Specification of Additional Charge II [1] (fraudulent extension of enlistment by means of a false official statement), charged as a violation of Article 134, UCMJ, was barred from prosecution by operation of the preemption doctrine [2] because it was otherwise cognizable as a fraudulent enlistment (Article 83) (10 U.S.C. § 883) or a false official statement (Article 107). We disagree.

■ The application of the preemption doctrine turns on affirmative answers to two questions. The principal question is whether it is evident that Congress intended to limit prosecution in a given field to offenses defined in the specific articles of the UCMJ. The secondary question is whether the charged offense is composed of a residuum [3] of elements of a specific offense and is asserted as a violation of Article 133, 10 U.S.C. § 933, or 134. *See e.g. United States v. Wright*, 5 M.J. 106, 110–111 (C.M.A.1978) (unauthorized entry into automobile not preempted by Article 129, 10 U.S.C. § 929, (burglary) or 130, 10 U.S.C. § 930, (housebreaking)); *United States v. Canatelli*, 5 M.J. 838, 841 (A.C. M.R.) (unlawful storing and disposing of explosive material not preempted by Article 108, 10 U.S.C. § 908 (damage, disposition, etc. of military property) or 121 (larceny and wrongful appropriation)), *petition denied*, 6 M.J. 93 (C.M.A.1978).

■ Although it is clear that the offense in question contained a residuum of the elements of Article 83, UCMJ, it has long been settled that the voluntary extension of an enlistment does not constitute an enlistment, *United States v. Patton*, 2 C.M.R. 658 (A.F.B.R.1951).[4] Accordingly, we are satisfied that Congress' enactment of Article 83, UCMJ, did not operate to preempt the complained of prosecution. Further, since we are satisfied that the government properly averred the false official statement as the means by which appellant fraudulently extended her enlistment, preemption was not in issue as to

1. "In that Specialist Five Virginia I. Wiegand, US Army Reserve, 96th Army Reserve Command, did, at Fort Douglas, Utah, an installation under military control, on or about 14 October 1983, *by means of knowingly false representations* that she was authorized the rank of Staff Sergeant; that she had recieved [sic] an Associate Degree from San Bernadino Junior College, San Bernadino, California; that she had only been charged, cited, or held by law enforcement authorities for being a juvenile runaway; that she had never been convicted by a state judicial authority; that she had never been detained, held in, or served time in any jail or prison; that she had never been fined; and that she had never been awarded a suspended sentence, parole, or probation, when in fact the said Specialist Five Virginia I. Wiegand was not authorized the rank of Staff Sergeant; she had not recieved [sic] an Associate Degree from San Bernadino Junior College; she had been charged, cited, or held by California law enforcement authorities on or about 22 March 1967 for forgery, grand theft auto, and driving without the owner's consent; she had been convicted by a California state judicial authority on or about 15 June 1967 for forgery; she had been held, detained, or served time in jail or prison; she had been fined; she had been awarded a suspended sentence, parole, or probation, procure herself a fraudulant [sic] extension to her current enlistment as a Staff Sergeant in the United States Army Reserve, and did thereafter, at Fort Doug-las Utah, an installation under military control, receive pay and allowances under the enlistment extension so procured, such conduct being prejudicial to good order and discipline in the Armed Forces." (Emphasis added.)

2. The preemption doctrine prohibits the application of Article 134 to conduct covered by Articles 80 through 132, 10 U.S.C. §§ 880–932. *See* Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M.], Part IV, para. 60c(5)(a).

3. The addition or deletion of an element satisfies this component of the preemption analysis. *See e.g. United States v. Herndon*, 36 C.M.R. 8 (C.M.A.1965); *United States v. McCormick*, 30 C.M.R. 26 (C.M.A.1960).

4. Current regulations defining enlistment extensions are consistent with this holding. *Compare* Reserve Component Personnel Update, Issue Number 17, Consolidated Glossary at 8 (26 Sep. 1986) (extensions "are not new contracts or agreements but [modifications] of the term of service of the existing, or current, USAR enlistment contracts or agreements") *with* Army Regulation 601–210, Regular Army and Army Reserve Enlistment Program, Section II, Glossary, 166 (2 June 1986) (enlistment is a voluntary contract for military service that creates military status as an enlisted member).

Article 107, 10 U.S.C. § 907. *See United States v. Allen,* 16 M.J. 395 (C.M.A.1983) (bad check offenses were the alleged means by which larcenies were accomplished); Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 307(c)(3), Discussion, para. (G)(iv) ("if two acts or a series of acts constitute one offense, they may be alleged conjunctively"). Finally, because the military judge treated the Specification of Additional Charge II as similar to fraudulent enlistment for sentencing purposes,[5] no prejudice inured to the detriment of appellant on this basis.

---

**5.** The maximum permissible sentence as to confinement for fraudulent enlistment (Article 83) is *two* years, versus *five* years for a false official statement (Article 107). *See* M.C.M. 1984, Appendix 12, A12–1 and A12–3, respectively.

**6.** Appellant, through counsel, asserts that the Specification of Additional Charge II was inadequate to give notice that the conduct charged was prohibited. Appellant also contends that the military judge erred by (a) allowing a government witness to comment on the relationship between prosecution exhibits, (b) failing to grant her challenge for cause against a court member, and (c) failing to find the Specification of Charge I (presenting a false doc-

We have examined the remaining assignments of error[6] and have determined them to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge RICHARDSON concur.

---

ument) and the Specification of Charge III (impersonating a noncommissioned officer and using a false promotion order) multiplicious for findings with the Specification of Charge II (larceny of United States currency). Further, although not raised by appellant, we observe that the military judge failed to advise appellant of her right to present witnesses and documents in extenuation and mitigation personally, as required by R.C.M. 1001(a)(3). This omission constituted no more than harmless error in this case. *See United States v. Nelson,* 21 M.J. 573 (A.C.M.R.1985), *petition denied,* 22 M.J. 334 (C.M.A.1986)