# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Stanley C. SUPAPO,
### Electrician's Mate Third Class (E-4), U.S. Coast Guard

## CGCMS 24268

## Docket No.  1210

## 30 August 2005

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Cutter RUSH (WMEC 723). Tried at Naval Legal Service Office Pearl Harbor, Hawaii, on 12 December 2003.

| | |
|---|---|
| Military Judge: | CAPT D. M. Hinkley, JAGC, USN |
| Trial Counsel: | LT Michael R. Vaughn, USCG |
| Assistant Trial Counsel: | LT Kristen A. Lowell, USCG |
| Defense Counsel: | LT Jason M. Haynes, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce, Jr., USCG |

## BEFORE
## PANEL TEN
## BAUM, McCLELLAND, & FELICETTI
### Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of one specification of assault consummated by a battery by unlawfully striking another Third Class Petty Officer "on the back of the head with his hand, in the face with his closed fist, and in the stomach with his knee," in violation of Article 128, Uniform Code of Military Justice (UCMJ); and one specification of disorderly conduct the same date by "slapping, pushing, punching, and chasing" the same Petty Officer around the mess deck of their Coast Guard cutter, in violation of Article 134, UCMJ.  The judge sentenced Appellant to a bad-conduct discharge, confinement for thirty days, and reduction to E-3.  The Convening Authority approved the sentence as adjudged and

credited Appellant with thirty days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Before this Court, Appellant has assigned four errors:

I. THAT ARTICLE 128, UCMJ, PREEMPTED A CHARGE OF DISORDERLY CONDUCT UNDER ARTICLE 134, UCMJ;

II. THAT THE MILITARY JUDGE ERRED IN FAILING TO DISMISS CHARGE II AND ITS DISORDERLY-CONDUCT-BY-ASSAULT SPECIFICATION AS MULTIPLICIOUS WITH THE ASSAULT SPECIFICATION UNDER CHARGE I;

III. THAT THE DISORDERLY CONDUCT SPECIFICATION UNDER CHARGE II CONSTITUTED AN UNREASONABLE MULTIPLICATION OF CHARGES WITH THE ASSAULT SPECIFICATION UNDER CHARGE I; AND

IV. THAT AN UNSUSPENDED BAD-CONDUCT DISCHARGE IS AN INAPPROPRIATELY SEVERE SENTENCE FOR A FIGHT, WHERE THE SENTENCE ALSO INCLUDED THIRTY DAYS CONFINEMENT AND REDUCTION TO E-3, AND APPELLANT WAS SEEKING HELP FOR MENTAL HEALTH ISSUES PRIOR TO THE OFFENSE.

**Assignments I, II, and III**

In his first assignment, Appellant submits that Manual for Courts-Martial, Part IV, ¶ 60.c(5)(a), United States (2002 edition) prohibits application of Article 134, UCMJ to conduct covered by Articles 80 through 132, UCMJ, and for that reason the disorderly-conduct-by-assault specification under Article 134, UCMJ in Charge II was preempted by the assault offense under Article 128, UCMJ in Charge I. In support of that assertion, Appellant cites *United States v. McGuinness*, 35 M.J. 149 (C.M.A. 1992), for the proposition that the answers to two questions determine whether preemption applies to the offenses before the Court, and that preemption applies only if both questions are answered in the affirmative. The first question is whether Congress intended to limit prosecution for assaults to Article 128, UCMJ alone. *McGuiness*, 35 M.J. at 151. If that is answered affirmatively, then the question is whether the disorderly conduct

offense, as alleged under Article 134, UCMJ is composed of a "residuum" of Article 128, UCMJ elements. *Id*. at 152. Appellant argues that the answers to both questions call for the conclusion that the Article 134, UCMJ disorderly conduct offense has been preempted by the assault under Article 128, UCMJ. He contends that Congress intended to limit assault prosecutions to violations of Article 128, UCMJ, and that that there are residual elements of assault included in the allegation that Appellant was disorderly by "slapping, pushing, punching, and chasing" the alleged victim around the ship's mess deck.

The Government, in its answer, disagrees with Appellant's analysis, asserting that this is not a case of preemption, because assault consummated by a battery and disorderly conduct are two different offenses, which, according to the Government, have different purposes. The Government points out that the focus of the assault-consummated-by-battery offense is the intent of the offender and the bodily harm to the victim, whereas disorderly conduct focuses on the effect of the alleged conduct on those who witness it. Citing *United States v. Herndon,* 15 USCMA 510, 36 CMR 8 (C.M.A. 1965) and *United States v. Fuller*, 9 USCMA 143, 25 CMR 405 (C.M.A. 1958), the Government contends that the Court of Military Appeals has long held that preemption does not apply when the two offenses have different purposes. According to the Government, the offenses in question here have no common elements since assault consummated by a battery requires bodily harm, lack of consent, and an intent element, whereas, disorderly conduct involves a disturbance of a contentious or turbulent character that affects the peace and quiet of those who witness it.

We agree with the Government's assessment, finding the analysis in *Fuller* with respect to arson under Article 126, UCMJ, and fraudulent burning of a dwelling in violation of Article 134, UCMJ particularly apt to the offenses before us. While both offenses here involve detrimental physical touching of another, the gravamen of each is different. We believe the disorderly conduct was not preempted because the disturbance-of-others element, central to this offense, was established by conduct that disturbed the peace and quiet of the mess deck and the members of the crew who were present, necessitating the subduing of Appellant by those other Coast Guardsmen present. The offense was completed without a need to satisfy the assault elements. For this reason, Appellant's first assignment of error is rejected. The issues in

assignments II and III were not raised at trial and for that reason are deemed to be waived. They will not be addressed because they do not amount to plain error. Accordingly, assignments of error II and III are rejected.

### Assignment IV

Assignment IV asserts that a bad-conduct discharge in this case is inappropriately severe and should be set aside. Appellant has no prior court-martial convictions and, at first blush, the argument that a punitive discharge is excessive for what Appellant terms was simply a fight appears to be justified. Unfortunately, this was not a fight, as Appellant would have us conclude. It was a premeditated, unprovoked attack by Appellant on a nominally superior petty officer, who had recently corrected Appellant twice for lying in his rack during normal working hours instead of doing ship's work. Moreover, the shipmate did everything within his power to escape Appellant's wrath and not fight back, but nevertheless suffered painful injury to his body. We do not believe the thirty days of confinement and reduction to E-3 make the addition of a bad-conduct discharge inappropriately severe. Appellant was seeking help with mental health issues before the offenses, as Appellant asserts, but that help did not prevent the unleashing of his uncontrolled anger. Appellant's mental health issues were not sufficient to raise a question of mental responsibility nor were they sufficiently mitigating to warrant characterizing the discharge as inappropriately severe. Appellant's assignment IV is rejected.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence approved below are affirmed.

Judge McCLELLAND and Judge FELICETTI concur.

For the Court,



Roy Shannon Jr.
Clerk of the Court