UNITED STATES, Appellee

v

WILLIE BARNES, Airman Second Class,
U. S. Air Force, Appellant

14 USCMA 567, 34 CMR 347

No. 17,480

May 28, 1964

*Major Hugh J. Dolan* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel E. Henderson, Jr.*

*Major James Taylor, Jr.*, argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis*.

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a special court-martial convened at Yokota Air Base, Japan, on September 27, 1963, the accused pleaded guilty to, and was convicted of, three specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was sentenced to bad-conduct discharge, forfeiture of $30.00 per month for three months, confinement at hard labor for three months, and reduction to the grade of Airman Basic. Intermediate appellate authorities affirmed, and this Court granted accused's petition for review upon the contention that his pleas of guilty were improvident.

Following Air Force practice, trial counsel presented to the court a *prima facie* case by way of stipulated proof. It reflects that the accused, on separate dates, wrote checks in the amounts alleged upon the Chase Manhattan Bank and cashed them at the Club Zanzibar and Pacific Area Exchange Activity. In return, he received military payment certificates. As the accused did not have and had never had an account with the Chase Manhattan Bank, these checks were duly returned by it to the respective payees. At the time of the trial, the accused had not redeemed them.

Appellate defense counsel, recognizing the existence of the foregoing recitals, nevertheless contend that the accused's pleas of guilty were improvident on the sole basis that "larceny by false pretense, effected by the utterence [sic] of a bad check," is punishable only as a worthless check offense under Code, supra, Article 123a, 10 USC § 923a. We disagree.

The obtaining of money or property of another, with intent to steal, by means of a false pretense, constitutes larceny under Code, supra, Article 121.

This Court has recognized that, other elements being present, the false pretense involved may take the form of a worthless check. United States v Lightfoot, 7 USCMA 686, 23 CMR 150; United States v Littlepage, 10 USCMA 245, 27 CMR 319. In United States v Margelony, 14 USCMA 55, 33 CMR 267, the effect of the enactment of Code, supra, Article 123a, upon preexisting bad check offenses was exhaustively considered. Reviewing its background, it was concluded at page 58:

"As originally proposed, Article 123a was to provide an 'additional' means of prosecution; it was not advanced as a replacement or substitute for all existing forms of prosecution for transactions dealing with worthless checks."

In addition, the Court referred to the testimony of Major General Albert Kuhfeld, The Judge Advocate General of the Air Force, before the House Armed Services Committee, and pointed out, with respect to larceny by false pretenses, it extended no further than to inform the Committee that courts-martial had, in the past, been reluctant to stigmatize bad check offenders with larceny convictions, in view of the traditional connotations of this crime in the armed services. The sum of the holding, therefore, in *Margelony*, supra, was that, with a single exception not pertinent here, Congress did not, by its enactment of Article 123a, intend to preempt prosecution of similar conduct under other provisions of the Code. See also United States v Wade, 14 USCMA 507, 34 CMR 287.

Such a position, at least with respect to Code, supra, Article 121, is borne out by the language of Code, supra, Article 123a, which refers to the making or uttering of checks "without sufficient funds" and the refusal of payment "because of insufficient funds," whereas the making and utterance of

568

a check upon a drawee bank is involved in larceny only as the false pretense. Moreover, prosecution under Code, supra, Article 121, rather than under Code, supra, Article 123a, does not involve elimination of elements of the latter crime by allegation and proof of the former. Cf. United States v Norris, 2 USCMA 236, 8 CMR 36; United States v McCormick, 12 USCMA 26, 30 CMR 26.

The defense also contends that, as the President has eliminated from the Manual for Courts-Martial, United States, 1951, language dealing with worthless checks as constituting a false pretense under Code, supra, Article 121, such tends to establish that these thefts are considered by the Executive to be preempted by Code, supra, Article 123a. In reply, the Government quite accurately points out that "the President has no authority to create or eliminate substantive offenses" and that "an Executive interpretation may be disregarded if it is nothing more than an attempt to add something to the statute which is not there." It requires no citation of authority to support our agreement with the Government that Presidential authority in the premises is limited to the promulgation of rules of procedure and modes of proof rather than encompassing matters of substantive law. United States v Smith, 13 USCMA 105, 32 CMR 105; United States v Margelony, supra; United States v McCormick, supra. We find nothing in Presidential deletions from or additions to the Manual, supra, which affects the issue before us.

What is presented, then, is a situation in which an accused's conduct might violate either of two specific statutes, i.e., according to the evidence, constitute either larceny by false pretenses or the making and uttering of a worthless check. Under such circumstances, the doctrine of preemption is not involved, and:

"When an act violates two or more statutes, the accused cannot select the statute under which he will be prosecuted; he cannot, therefore, complain if he is prosecuted for violating the statute that carries the higher penalty." [United States v Culley, 12 USCMA 704, 707, 31 CMR 290, 293.]

In sum, then, we hold that the enactment of Code, supra, Article 123a, did not preempt the prosecution of larceny by false pretenses under Code, supra, Article 121. The former statute was enacted to supplement prosecutions under the latter, and it matters not that the false pretense proven at trial involves the use of a worthless check. The two crimes, while frequently involving similar facts, are different in nature and, indeed, worthless check statutes are usually enacted to punish conduct which does not constitute larceny. See, generally, 22 Am Jur, False Pretenses, §§ 56, 62; Lyman v State, 136 Md 40, 109 Atl 548, 9 ALR 401; Annotation, 35 ALR 344. In light of these considerations, the argument that the accused's plea of guilty to larceny was improvident must be rejected.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.