**UNITED STATES**

**v.**

**Airman Kenneth B. CANNON, FR 362–86–0755, United States Air Force.**

**ACM S27730.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Nov. 1987.

Decided 18 May 1988.

———

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Barret E. Kean, USAFR.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Appellate defense counsel argue that the trial judge erred by refusing to give a defense requested instruction on inter-racial identification by eye-witnesses. They contend that such an instruction is crucial when identification is a primary issue in the case.

The underlying facts in the case before us are not disputed. The appellant, a black airman, was convicted of stealing $105.00 from the credit union account of a fellow service member by using the victim's Automatic Teller Machine (ATM) card to withdraw the money. Earlier that same evening both the appellant and the victim were at the base gym where the latter reported the loss of his wallet containing the ATM card.

Airman Noel Wagoner, who knows the appellant slightly, stated he saw him at the credit union "Money Machine" attempting to withdraw money and was having trouble doing so. He described the individual as a six foot and three inches tall black male wearing "athletic type clothes". The area was well-lit and Wagoner came within three feet of the person using the ATM. As he was leaving, he saw the black individual returning to the ATM.

Shortly thereafter, Sergeant Ramakrishnanan Perseud Ramdat arrived at the ATM and found a black individual, with a towel over his shoulder, having trouble making a withdrawal. He did not know the person. Ramdat spoke to the individual from a distance of approximately two and one half feet.

At the trial Wagoner and Ramdat stated the appellant was the person they saw that evening at the ATM. Earlier, they had identified him from a photographic line-up. Both Wagoner and Ramdat belonged to a racial group different from the appellant's.

The credit union records indicated that someone using the missing ATM card withdrew $105.00 from that person's account. The records also revealed there were several unsuccessful attempts to withdraw money from that same account that evening. Although the appellant had an account in the credit union, he had never been issued an ATM card.

The dangers inherent in eyewitness identification have been recognized by the courts. Observing that cross-racial recognition possesses a potential for misidentification, Chief Judge Bazelon's concurring opinion in *United States v. Telfaire,* 469 F.2d 552 (D.C.Cir.1972), suggested a model instruction on inter-racial identification.

The Court of Military Appeals adopted Chief Judge Bazelon's view that an inter-racial identification instruction was useful, and in *United States v. McLaurin,* 22 M.J. 310, 312 (C.M.A.1986), Judge Cox stated:

> We agree with appellant that a *Telfaire*-like instruction could be helpful to the members in evaluating identification testimony. We urge, as do most of the federal courts, the giving of such an instruction, *if requested,* when identification is a primary issue in the case. [Emphasis added. Citations omitted.]

Appellate government counsel maintain that no instruction on inter-racial identification was required as no issue of misidentification was raised. They argue that both witnesses saw the appellant at close quarters in a well-lit area, and neither witness indicated a difficulty in identifying persons of another race. Further, both witnesses identified the appellant from a photographic lineup almost immediately with no apparent hesitation.

That argument misses the mark. The speed with which a witness identifies an individual is not necessarily a true indication of its accuracy. Clearly, the prosecution was in a position to point out that the witnesses had a clear, unobstructed view of the appellant in a well-lit area, and accordingly, their identification of him was valid and should be accepted. Our holding today is based on the fact that the appellant asked for the instruction, he was entitled to it, and it should have been given.[*]

The prosecution's whole case was centered on the appellant being the individual at the ATM using the stolen ATM card. His identification was the primary issue. The failure of the trial judge to give the requested instruction deprived the members of a critical factor to weigh in their evaluation of the evidence. Thus it unfairly tipped the scales against the appellant. We cannot say this amounted to harmless

---

[*] Our reading of the record leaves the impression that none of the trial participants were aware of the Court of Military Appeals' decision in *United States v. McLaurin, supra.*

error. *See generally United States v. Johnson,* 20 M.J. 610 (A.F.C.M.R.1985). The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge HOLTE concur.