**UNITED STATES**

v.

**Airman First Class James B. FLOWERDAY, FR 508–08–5505, United States Air Force.**

**ACM S28006.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Dec. 1988.

Decided 28 April 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before HODGSON, HOLTE and PRATT, Appellate Military Judges.

## DECISION

PRATT, Judge:

Consistent with his pleas, appellant was convicted by a special court-martial of stealing a jacket, uttering three forged checks, and obtaining telephone services under false pretenses, in violation of Articles 121, 123, and 134, UCMJ, 10 U.S.C. §§ 921, 923, 934, respectively. He was sentenced to a bad conduct discharge, confinement for three months, forfeiture of $447 pay per month for three months, and reduction to airman basic. The convening authority disapproved the forfeitures entirely, but approved the remainder of the sentence as adjudged.

Appellant now contends that his plea of guilty to obtaining telephone services under false pretenses was improvident and should be dismissed, due to the absence of any false representation. We disagree and affirm.

A stipulation of fact indicates that, on thirteen different days during August 1988, appellant gained entrance to Airman Harold D. Jordan, Jr.'s dormitory room, without his knowledge or permission, and used his private telephone to make a total of 43 long distance telephone calls, all of which were billed to Jordan's account with the telephone company. Each of these calls was accomplished by "direct-dialing", i.e., without any assistance from a telephone operator. The stipulation goes on to state:

> In making each direct-dial, long distance telephone call from Amn Jordan's phone, [appellant] was falsely representing to the American Telephone and Telegraph company that each phone call was properly billable to Amn Jordan, a false pretense of which [appellant] was fully aware. [Appellant] made these phone calls with the intent to defraud American Telephone and Telegraph Company of such services, knowing that the American Telephone and Telegraph Company should not bill these telephone calls to Amn Jordan's account.

Appellate defense counsel assert that the second element of this offense, i.e., that the obtaining was done by using false pretenses, was not established during the providency inquiry under the facts of this case. They point out, correctly we believe, that the stipulation of fact effectively established the appellant's actions, but can-

not be the source of the legal conclusion that such conduct amounted to false pretense or representation. That is a question of law reserved for the military judge at trial, and now for this court on appeal.

In *United States v. Jones*, 23 C.M.R. 818 (A.F.B.R.1956), the Air Force Board of Review held that telephone service was not a proper subject of larceny under Article 121, UCMJ, because it is not "personal property" or "an article of value of any kind", as those terms were (and still are) employed in that Article. In *United States v. Herndon*, 15 U.S.C.M.A. 510, 36 C.M.R. 8 (1965), the Court of Military Appeals found it unnecessary to resolve this "academic question", but did state that the theft of such service would be violative of Article 134, UCMJ. Subsequently, both the Army and Navy–Marine Corps Courts of Military Review had occasion to address this issue and endorsed the conclusion that the theft of telephone services could not be the subject of a larceny charge under Article 121, UCMJ. *United States v. Cornell*, 15 M.J. 932 (N.M.C.M.R.1983); *United States v. Abeyta*, 12 M.J. 507 (A.C.M.R.1981).

In apparent response to these decisions, the 1984 Manual for Courts–Martial formally introduced the offense of obtaining services under false pretenses in violation of Article 134, UCMJ. MCM, Part IV, paragraph 78 (1984). The Manual language illustrates the close relationship between this offense and the offense of larceny, and the role which theft of telephone services had in the enunciation of this offense under Article 134:

> c. *Explanation.* This offense is similar to the offenses of larceny and wrongful appropriation by false pretenses, except that the object of the obtaining is services (for example, *telephone services*) rather than money, personal property, or articles of value of any kind as under Article 121. (Emphasis added).

MCM, Part IV, paragraph 78c. Thus, although born under Article 134, this offense remains a close cousin of larceny by false pretenses under Article 121. The gravaman of this offense is fraud—false pretenses and an intent to defraud. *See* MCM, Part IV, paragraph 78b. Taken together, this offense requires an obtaining, through intentional false pretense or misrepresentation, coupled with an intent to deprive.

It is well established that a false pretense is not limited to the spoken word, but may consist of "any act, word, symbol, or token." MCM, Part IV, paragraph 46c(1)(e). (For examples of nonverbal conduct constituting false pretense, see *United States v. Pellegrini*, 24 M.J. 659 (A.F.C.M.R.1987); *United States v. Weaver*, 13 U.S.C.M.A. 147, 32 C.M.R. 147 (1962); *United States v. Barnes*, 14 U.S.C.M.A. 567, 34 C.M.R. 347 (1964)). Under the right circumstances, even silence may constitute a false pretense. *United States v. Rodriguez*, 24 C.M.R. 687 (A.F.B.R.1957).

However, the crux of appellate defense counsel's contention (that false pretense is absent) is the lack of interaction between appellant and a telephone operator. As noted earlier, appellant's phone calls were accomplished by direct-dialing. Thus, it is asserted, since there was no person on whom to foist a false pretense, and no person to be deceived thereby, appellant's conduct did not constitute false pretenses. Appellate defense counsel reason that, with the operator out of the "loop of communication", direct-dialing merely sets into motion a series of electromechanical and computer reactions incapable of being deceived. We disagree.

The construction which appellate defense counsel apply to the concept of false pretense is overly restrictive. Counsel imply that false pretense can only exist when the recipient of the fraudulent misrepresentation is a readily identifiable individual who has personal contact with the perpetrator of the fraud and is deceived thereby. In our opinion, this premise is faulty. Nothing in the Manual for Courts–Martial, nor in case law, suggests that a legal entity, such as a company or corporation, could not legally be the recipient of a false pretense.

In the case of a telephone company, an operator is simply an agent of the telephone company, a facilitator, a *persona* for

the legal entity he or she represents. Thus, even when an operator is involved, it is the underlying legal entity, the telephone company, which is the effective recipient of any false pretense. After all, the service being fraudulently obtained is not the personal efforts of the operator, but rather the service provided by the telephone company through its network of specialized equipment. It is the telephone company, as a legal entity, which is being deceived and which, in reliance on that deceit, is providing the service that forms the basis of the offense.

As technological advances render the operator an unnecessary intermediary for certain types of service, the privity between the fraudulent perpetrator and his victim, the telephone company, remains unchanged. We perceive no legal significance in the difference between an operator who has been "programmed" to perform certain actions to effectuate telephone service upon receipt of specified "input" from a customer and an electronic device programmed to perform those same functions upon receipt of similarly specified input from that customer. In either case, it is the telephone company which decides under what conditions it will extend service and "programs" its agent (human or mechanical) to recognize and respond to those conditions.

■ An analogous situation exists in cases involving automated teller machines. These machines, representing a similar advance in technology, enable customers to conduct certain banking transactions without the direct assistance of bank employees. Typically, the perpetrator in these cases manages to acquire the necessary entry card and personal identification number of an authorized customer and uses these to make unauthorized cash withdrawals. Despite the absence of personal contact with a bank employee, this larceny is clearly accomplished by false pretense. (For cases involving these offenses, see *United States v. Fairley*, 27 M.J. 582 (A.F. C.M.R.1988); *United States v. Cannon*, 26 M.J. 674 (A.F.C.M.R.1988); *United States v. Burge*, 25 M.J. 576 (A.F.C.M.R.1987);

*United States v. Abendschein*, 19 M.J. 619 (A.C.M.R.1984); *United States v. Pulliam*, 17 M.J. 1066 (A.F.C.M.R.1984); *United States v. Howell*, 16 M.J. 1003 (A.C.M.R. 1983)). The false pretense is accomplished by the act of inserting the entry card and entering the personal identification number into the teller machine, thereby implicitly representing to the bank, through its programmed machine, that the user is authorized to receive money from an account and, thereby, inducing the bank to part with the money in reliance on that misrepresentation.

■ Similarly, when appellant used Airman Jordan's phone and invoked the direct-dial long distance system, he was implicitly representing to the telephone company that he was the owner or a duly authorized user of that instrument and, further, that he or the owner intended to pay for the service. In reliance on that representation, the telephone company, through its programmed equipment, provided telephone service to appellant.

■ Although the record does not reflect the precise means by which appellant invoked the long distance system, we do not find this determinative of the issue. Typically, a caller dials "1" prior to the area code and phone number desired. In some systems, long distance service is invoked simply by dialing the area code and number, without a prefix number. If the caller is using a "calling card", he or she dials the calling card number in addition to the area code and phone number desired. Each of these methods, regardless of its relative simplicity or complexity, represents communication by the caller to the telephone company requesting service and implicitly representing to the company an intent that the company will be duly paid for the service.

Thus, whenever a caller intentionally invokes long distance telephone service, whether through a live operator or through automated mechanisms, and possesses the intent to defraud the telephone company of the value of that service, he has engaged in a false pretense which will support a plea

or finding of guilty of obtaining service under false pretense in violation of Article 134, UCMJ.

The stipulation of fact in this case, and the testimony of the accused during the providency inquiry, firmly establish that appellant acted knowingly and with the requisite intent to defraud. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

Accordingly, the approved findings of guilty and sentence are

AFFIRMED.

Chief Judge HODGSON and Judge HOLTE concur.