**UNITED STATES**

v.

**Senior Airman Duane L. JONES,
United States Air Force.**

**ACM S31164.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 May 2006.

18 July 2008.

Appellate Counsel for the Appellant: Lieutenant Colonel Mark R. Strickland and Captain Griffin S. Dunham.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, and Captain Jason M. Kellhofer.

Before WISE, BRAND, and HEIMANN, Appellate Military Judges.

HEIMANN, Senior Judge:

Contrary to his plea, a panel of officers and enlisted members convicted the appellant of one charge and one specification of violating Article 92, UCMJ 10 U.S.C. § 892 for disobedience of a Department of Defense regulation for misusing his Government Travel Card on divers occasions and one charge and two specifications of violating Article 134, UCMJ 10 U.S.C. § 934.[1] The specifications under Article 134, UCMJ included dishonorable failure to pay a just debt and misuse of Bank of America "Pay by Phone" services. The panel sentenced him to be discharged from the service with a bad-conduct discharge and reduction to E–1. The convening authority approved the sentence as adjudged.[2]

The appellant asserts three errors.[3] First, he alleges that the preemption doctrine prohibits his prosecution under Article 134, UCMJ for misuse of the Bank of America "Pay by Phone" services. Second, he argues that the findings for Charge I and its specification are legally and factually insufficient. Finally, he contends the military judge abused his discretion in admitting Bank of America records. In addition, this Court

---

1. Initially the appellant was arraigned on two violations of Article 92, UCMJ, and a single violation of both Article 123a, UCMJ and Article 134, UCMJ. The two Article 92, UCMJ violations were merged into a single specification on motion. The Article 123a, UCMJ charge was withdrawn by the convening authority after arraignment, and a second specification was added to the Article 134, UCMJ charge.

2. We note the second charge sheet references Special Order AB–08, which is not included in

the record. The defense agreed at trial that Special Order AB–06 and 07 were the relevant orders referring members for this case. Based upon the inquiry at trial and the lack of objection on appeal we are also satisfied that this case was properly referred and that the reference to AB–08 was an administrative error.

3. The appellant's third issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

specified a fourth issue; whether Specification 2 of Charge II states an offense and, if so, did the military judge properly instruct the members on the elements of that offense. Finding that the military judge failed to properly instruct on specification 2 of Charge II, we have dismissed that specification and reassessed the sentence. In addition, we note the Court-martial order in this case is in error and direct promulgation of a corrected copy.

### Preemption

The appellant, for the first time on appeal, avers the preemption doctrine prohibits the government from charging him with a violation of Article 134, UCMJ, for misuse of Bank of America "Pay by Phone" services because the United States Congress elected to only punish such conduct under Article 123a, UCMJ, 10 U.S.C. § 923a, (Bad Checks).[4] Ironically, the appellant was originally charged with violating Article 123a, but the convening authority elected to withdraw the charge as a result of the inability to comply with the defense's discovery request for the "drafts" associated with the "Pay by Phone" money transfers.[5] At trial, the defense was questioned and did not object to the substitution of a replacement Article 134, UCMJ charge for the withdrawn Article 123a, UCMJ charge. On the preemption claim, the appellee responds by contending that the appellant has either waived his claim of preemption or should be estopped from complaining now because the change was made in response to the appellant's discovery request. While we reject both of the appellee's arguments, we agree that preemption does not apply to this charge.

■ On the issue of waiver, our superior court has found that preemption is not waived by the appellant's guilty plea. *See United States v. Robbins*, 52 M.J. 159, 160 (C.A.A.F.1999). In *Robbins* the Court noted that Rule for Courts–Martial (R.C.M.) 905(e) "provides that lack of jurisdiction or failure to state an offense are not waived by failure

to raise the issue at trial." *Id.* While *Robbins* dealt with an assimilated charge under Article 134, UCMJ, the Court still found that preemption relates to a question of subject-matter jurisdiction of the trial court and thus cannot be waived by either a plea or failure to object. That decision controls the issue in this case and the claim of preemption is not waived. As for the claim of estoppel, we expressly reject the application of that doctrine to this case. The decision to withdraw the Article 123a offense rested solely with the convening authority. Estoppel does not apply under these facts. We next turn to the substantive question.

■ The preemption doctrine "prohibits application of Article 134 to conduct covered by Articles 80 through 132." *Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 60.c.(5)(a) (2005 ed.). In *United States v. Kick*, 7 M.J. 82 (C.M.A.1979), our superior court defined the preemption doctrine as the:

> [L]egal concept that where Congress has occupied the field of a given type of misconduct by addressing it in one of the specific punitive articles of the code, another offense may not be created and punished under Article 134, UCMJ, by simply deleting a vital element. However, simply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine. In addition, it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way.

*Id.* at 85 (internal citations omitted); *see also United States v. Erickson*, 61 M.J. 230 (C.A.A.F.2005).

Interpretation of a statute and its legislative history is a question of law to be reviewed de novo. *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F.2005) (citing *United*

---

4. The appellant would call Bank of America and authorize a transfer of money from his bank account to his government credit card to pay the card. At the time of each requested transfer, the appellant knew he did not have the money in his bank account.

5. It was never clearly established whether "drafts" were completed to execute the "pay by phone" orders placed with Bank of America.

*States v. Falk,* 50 M.J. 385, 390 (C.A.A.F. 1999)).

██ Applying the above standard, we conclude that Congress did not intend that all criminal conduct related to bank transfers of money must be prosecuted under Article 123a. In this regard, we look to our superior court's early decisions addressing Congress's intent in respect to the scope of Article 123a. In *United States v. Barnes,* 34 C.M.R. 347, 349, 1964 WL 5027 (C.M.A.1964) they held, "the enactment of Code, supra, Article 123a, did not preempt the prosecution of larceny by false pretenses under Code, supra, Article 121." In addition, this Court in *United States v. Letourneau,* 32 C.M.R. 909, 912, 1962 WL 4615 (A.F.B.R.1962) found "[i]t is clear to us that Congress in enacting Article 123a created an additional and simplified method of prosecuting bad check offenses within the military but did not eliminate from prosecution under Article 121 the offense of larceny by false pretenses involving bad checks." Therefore, we reject the appellant's assertion that preemption requires that we set aside Specification 2 of Charge II.

### The Article 134, UCMJ "Pay by Phone" Offense

██ At trial, the appellant did not object to the government's decision to dismiss the Article 123a, UCMJ violation and substitute it with a general Article 134, UCMJ violation. The substituted offense reads as follows:

> In that ... [SrA Jones] did ... on divers occasions between on or about 17 May 2005 and on or about 8 December 2005, wrongfully misuse the Bank of America "Pay by Phone" service by giving Bank of America verbal authorization to electronically draft his bank account for payment of his Government Travel Card, then knowing that he ... did not or would not have sufficient funds or credit with such bank for payment of the verbal authorization.

The specification charged raises a number of questions. Does it state an offense? If so, did the appellant have "fair notice" as to what conduct was subject to criminal sanction? *See United States v. Saunders,* 59 M.J. 1, 10 (C.A.A.F.2006). Is the level of criminality required for conviction, based on

the intent to deceive, or dishonorable failure to maintain funds, or mere wrongfulness? *See United States v. Downard,* 20 C.M.R. 254, 1955 WL 3562 (C.M.A.1955). Finally, did the military judge instruct the members properly on the elements of the offense? *United States v. Westmoreland,* 31 M.J. 160, 163–64 (C.M.A.1990).

In our attempt to answer these questions we look first to the military judge's instructions on the specification. In doing so, we conclude the military judge erred in failing to advise the members that they must find the conduct was done with the intent to defraud. *See Downard,* 20 C.M.R. 254, 1955 WL 3562. In failing to instruct the members that they must find that the actions were done with the intent to defraud, the military judge left open the possibility that the members could have based guilt on a finding that the appellant was merely dishonorable or negligent in maintaining his bank account. Neither of these lesser offenses were charged or identified as a lesser included offense. Further, in view of the *Downard* opinion, a finding based on mere negligence could not be sustained as a matter of law. Therefore, finding that the military judge failed to properly instruct on the intent element for Specification 2 of Charge II (the Article 134 violation), we cannot sustain this conviction. Having so concluded, we need not determine whether the underlying specification, which appears to have been drafted as a hybrid of Article 123a and an Article 134 bad check offense, is itself defective. However, we caution military justice practitioners that deviation from the tried and true specification formats established by the Manual for Courts–Martial runs the risk of interjecting potentially fatal flaws and is rarely necessary.

In closing, we would highlight that we do not find fault with charging a general Article 134, UCMJ violation in a circumstance where the evidence does not fit into the language of Article 123a, UCMJ or the Article 134, UCMJ "bad check" offense. The short coming of such a practice, however, is to create confusion regarding the level of criminality required to prove, instruct and sustain a conviction based upon breach of obligations in maintaining a checking account.

### Legal and Factual Sufficiency

In the appellant's second assertion of error, he claims that Charge I and its specification must be set aside because it is unclear which misuses of the Government Travel Card the members relied upon when they found him guilty of misuse on divers occasions. Citing *United States v. Walters*, 58 M.J. 391 (C.A.A.F.2003), the appellant argues that because it is clear that all of the card uses were not violations of Article 92, UCMJ, the panel's verdict is ambiguous and thus must be set aside. We agree that the evidence included both proper card uses and improper card uses, but we do not agree that this fact impugns the panel's general verdict of "divers" violations.

 Having reviewed the evidence presented in this case, de novo, we are satisfied that at least two of the charged card uses are legally and factually sufficient violations of Article 92, UCMJ. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F.2002). "When members find an accused guilty of an 'on divers occasions' specification, they need only determine that the accused committed two acts that satisfied the elements of the crime as charged—without specifying the acts, or how many acts, upon which the conviction was based." *United States v. Rodriguez*, 66 M.J. 201, 203 (C.A.A.F.2008). As such, the verdict is not ambiguous and we affirm.

### Business Records

 The appellant contends that the military judge abused his discretion when he admitted Bank of America records that showed Government Travel Card usage by the appellant. A document prepared by a third party is properly admitted as part of a second business entity's records if the second business integrated the document into its records and relied upon it in the ordinary course of business. *United States v. Grant*, 56 M.J. 410, 414 (C.A.A.F.2002). The military judge admitted the records after having determined that the record had been incorporated by the Air Force into their system of records and was thus admissible under Mil. R. Evid. 803(6). Having properly applied the correct test of admissibility, we conclude that the judge did not abuse his discretion in admitting the records. *United States v. Travers*, 25 M.J. 61, 62 (C.M.A.1987) ("To reverse for 'an abuse of discretion' involves far more than a difference in ... opinion.... The challenged action must ... be found to be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous' in order to be invalidated on appeal.") (quoting *United States v. Glenn*, 473 F.2d 191, 196 (D.C.Cir.1972)).

### Sentence Reassessment

Because we dismissed Specification 2 of Charge II, we next analyze the case to determine whether we can reassess the sentence. *See United States v. Doss*, 57 M.J. 182 (C.A.A.F.2002). "If the court can determine that, absent the error, the sentence would have been at least of a certain magnitude, then it may cure the error by reassessing the sentence instead of ordering a sentence rehearing." *Id.* at 185 (citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986)). We conclude that we can properly reassess the sentence.

The appellant was found guilty of three specifications. All were related to his conduct regarding the misuse and timely payment of charges on his government-provided travel card. The misconduct included in the dismissed specification was relevant and material to the dishonorable failure to pay the debt specification. As such, we believe the landscape regarding punishment is not significantly altered because of our dismissal of Specification 2 of Charge II. Further, we conclude the amount of additional punishment given based upon the same facts supporting two different specifications is limited. Finally, we note that as a special court-martial, even absent Specification 2 of Charge II, the members would still have been advised of the same maximum permissible punishment. Reassessing the sentence, we are convinced beyond a reasonable doubt that the panel would have awarded a sentence of at least a bad-conduct discharge and reduction to E-3. Furthermore, we find the sentence, as modified, to be appropriate. *See United States v. Peoples*, 29 M.J. 426, 428 (C.M.A.1990).

*Post–Trial Delay*

In this case, the overall delay of 794 days between the trial and completion of review by this Court is facially unreasonable. Because the delay is facially unreasonable, we examine the four factors set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *See also United States v. Moreno,* 63 M.J. 129, 135–36 (C.A.A.F.2006). When we assume error, but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need engage in a separate analysis of each factor. *See United States v. Allison,* 63 M.J. 365, 370 (C.A.A.F.2006). This approach is appropriate in the appellant's case.

Having considered the totality of the circumstances and entire record, we conclude that any denial of the appellant's right to speedy post-trial review and his appeal was harmless beyond a reasonable doubt and that no relief is warranted.

*Conclusion*

The findings, as modified, and the sentence as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Further, we order the promulgation of a corrected Court–Martial Order, properly reflecting the disposition of the charges on which the appellant was initially arraigned in the first session. Accordingly, the findings, as modified, and the sentence as reassessed are

AFFIRMED.